MINNEAPOLIS GAS-LIGHT COMPANY *vs.* CITY OF MINNEAPOLIS.

December 9, 1886.

**Municipal Corporations — Powers of Council — Delegation to a Committee.**—The city charter authorized the city council, by ordinances, "to erect lamps, and to provide for lighting the city," and "to create, alter, and extend lamp-districts." *Held,* that the power so conferred requires the exercise of judgment and discretion, and cannot be delegated to a committee of the council, so that the determination of the committee will be final, either as to establishing new lamps, or discontinuing those already established.

Appeal by defendant from a judgment of the district court for Hennepin county, where the action was tried by *Young,* J., a jury being waived.

*Judson N. Cross* and *Shaw & Cray,* for appellant.

*Benton & Roberts,* for respondent.

GILFILLAN, C. J.   May 1, 1879, the parties entered into a contract by which the plaintiff agreed to light, and keep lighted, for the term of two years, all the public street-lamps in the city of Minneapolis, then connected, and which during said term might be connected, with the street mains of the plaintiff or any extension thereof, the city agreeing to pay therefor certain prices per month, graduated according to the numbers lighted.   The contract contained this stipulation: "It is further understood and agreed this contract shall continue in force, so far as to determine the terms on which said party of the first part [the plaintiff] shall perform services for the said city, until changed by new contract or by arbitration, as heretofore provided for."   The ordinance authorizing the company to lay mains in the streets provided that it should furnish gas to the city whenever and wherever required, etc., the prices to be fixed by arbitration, if the parties could not agree.   Under this, it was for the city to determine where and when street-lamps should be lighted by the gas company; and it is not denied that, having been required to light designated lamps, the company might continue lighting them until ordered by the city to discontinue such lighting, and would be entitled to compensation

therefor; and we understand the clause we have quoted from the contract to have been intended to regulate such compensation during any interval that might elapse between the end of the term in the contract and the fixing of a rate, either by a new contract or by arbitration; and the parties seem to have so construed it, for, without any new contract or arbitration, the city continued to pay according to the terms of the contract until June 14, 1883.

At a meeting of the city council on that day, this motion was made and adopted: "That the committee on gas be instructed to designate the lamp-posts at present used for lighting the streets with gas which can be dispensed with by reason of adopting electric lights, and cause the city clerk to notify the Minneapolis Gas-light Company that the city will dispense with the use of gas at said posts." The committee on gas designated 91 lamps, (of about 310 then in use,) and caused the city clerk to give notice of such action to the company. At a meeting of the council of June 27, 1883, the committee reported to the council what lamps they had designated pursuant to the instruction of June 14th, and recommended that the proper officers be directed to notify the company thereof. The report was amended by striking out two of the lamps designated, and then adopted by the council. Of what took place at this meeting no notice was given the company. The proceedings at this meeting are suggestive that it was not understood that the designation by the committee would be final, either on the city or the company. At any rate, the company did not regard the designation by the committee as the act of the city, and continued lighting all the lamps till April 17, 1884.

The action is to recover compensation, at the contract rates, for lighting 83 of the lamps designated by the committee from June 14, 1883, to April 17, 1884, for which the city refused to pay. There is no doubt that the company might continue lighting the lamps which it had been required to keep lighted, and to demand compensation for it, until the proper authorities of the city directed it to discontinue such lighting. A direction by any officer not having authority to determine the action of the city in the premises would be of no avail. The plaintiff contends that the matter of lighting the public streets, of determining when, how, and to what extent they shall be lighted,

and, if lighted by gas, where the lamps shall be placed, is governmental or legislative in its character, and is committed to the city council, the general legislative body of the city, and that it cannot delegate that power. We find in the charter (Sp. Laws 1881, *c.* 76, *sub.c.* 4, § 5, subd. 11,) that power is vested in the council, by *ordinance*, "to erect lamps, and to provide for lighting the city, and to contract for the erection of gas-works for lighting the streets and public grounds and public buildings, and to create, alter, and extend lamp-districts;" and no power over the subject is given to any other officer or board.

The matter of determining how and to what extent the city shall be lighted is governmental or legislative in its character, as much so as determining when streets shall be opened, or when, how, and to what extent they shall be paved, or sidewalks constructed; and it requires the exercise of judgment and discretion. The authority to determine it is delegated to the city council, and it comes under the rule that power requiring the exercise of judgment and discretion, especially if it be legislative or judicial, as distinguished from merely ministerial in its character, delegated to an agent, cannot be delegated by him unless authorized to do so by the principal. Thus the power intrusted to the board of county commissioners to issue licenses to sell liquors, as it requires the exercise of discretion and discrimination, cannot be delegated by the board to another officer,—*County of Hennepin* v. *Robinson*, 16 Minn. 340, (381;)—and a city council authorized to issue licenses cannot delegate the power, in whole or in part, to another,—*Darling* v. *City of St. Paul*, 19 Minn. 336, (389;)—and such council having ordained that liquors should not be sold within the city, except in what it termed "active patrol districts," it cannot delegate to the mayor the power to designate the limits of such districts, (*In re Wilson*, 32 Minn. 145, 148; 19 N. W. Rep. 733,) because "it is a legislative act, which they must perform themselves, and they can only exercise it by ordinance enacted in the manner prescribed in the charter." Of course, a board may appoint committees to investigate, procure information, and make recommendations to the board, or to carry its determinations into effect; but the board alone can finally determine in any matter committed to its discretion

and judgment. The charter contemplates that the council must determine upon the matter of lighting the city, for its power over the subject is to be exercised by ordinance. In this respect, we can see no distinction between establishing lamps, and discontinuing them when once established. The committee therefore had, at the time when the notice was served, no power to order the lamps discontinued, and the company might disregard the notice.

Judgment affirmed.

MITCHELL, J., (*dissenting.*) Of course, it is elementary that public powers and trusts of a governmental nature, and involving the exercise of legislative discretion, cannot be delegated to others by the city council. Neither is there any question as to the correctness of the general proposition that the matter of determining how or to what extent the city shall be lighted is governmental in its character, and involves the exercise of legislative discretion. But, as I understand the facts, there was no attempt in this case to delegate any such questions to the committee on gas. The city council itself had decided upon the amount and location of electric light which should be used for street-lighting purposes, (a mast on Bridge square,) and had determined to dispense with the existing gas-lights within the area lighted by this electric mast. All that remained to be done was to ascertain, by ocular observations, what area the electric mast lighted, and to count and designate the gas-lights within that area which were to be dispensed with. This was, in my judgment, a duty of a merely ministerial or administrative character, which the city council might delegate to a standing committee of their own body. Like most executive or ministerial duties, it involved the exercise of the judgment, but to hold that it involved, in any proper sense, the exercise of any legislative discretion, is, in my opinion, a very strained and technical application of the rule of law invoked in the opinion of the court. I think it was competent for the city council to devolve this duty upon this committee, and to constitute it their agent to convey notice to the gas company.