The opinion of the court was delivered by
Blanchard, J.
Plaintiff’s mill property, situated in' the City of Monroe, Louisiana, was destroyed by fire in February, 1899.
It was partly insured in various fire insurance companies, and these companies paid plaintiff, on account .of the loss, $41,114.32 in the aggregate.
Plaintiff claims its total loss to have been $46,483.97, or $5,369.65 greater than the amount collected from the insurance companies.
When the companies paid, they took from plaintiff a 'transfer and subrogation of his rights and claims, on account of the fire, against .the Monroe Waterworks and Light Company and the City of Monroe.
Plaintiff, for its own benefit to the extent of $5,369.65 (representing the value of its property destroyed by the fire in excess of amount collected from the companies), and for the use and benefit of the several insurance companies to the extent of the $41,114.32 paid' by them, brings this action against the defendant Waterworks Company and the City of Monroe, asking judgment in solido against them for the full amount of the loss, aggregating the aforesaid sum of $46,483.97.
The suit is predicated upon a contract made by the City of Monroe with the Waterworks Company by which the latter obligated itself to furnish a sufficient supply of water for the various purposes of the municipality and its citizens, including the extinguishment of fires, in consideration of the grant to the company by the city for thirty years of the franchise and right of constructing, maintaining and operating its system of waterworks and electric lights in the city, including the right of way over the streets and public grounds of the municipality, and in further consideration of the payment by the city to the company of a stipulated sum per annum for the use and rental of a certain number of fire hydrants and are lights, and of the right and privilege of collecting from the inhabitants of the city certain charges and rates for the use of water and electric lights.
To enable the city to meet its engagement under this proposed contract — -that is to say, to provide the funds for the hydrants, rental and *1245 electric lights specified in the agreement — it was stipulated that the city should levy and collect annually a special tax of 3 1-2 mills, to be known as the fire hydrant, and electric light tax.
Before this tax could be legally levied and collected the proposition had to be submitted to the property tax payers of the city at a special election ordered for the purpose. The election was ordered, the proposition submitted and adopted by the requisite vote.
The proposition as submitted was whether the property taxpayers would direct the Mayor and City Council to levy and collect annually for ten years a five-mill tax upon all the property in the city for the purposes of public improvement and to enable the municipality to contract for water supply, sewerage, drainage and electric lights — 3 1-2 mills of which to be set aside and used for securing water and electric lights for the city, and 1 1-2 mills for drainage and other public improvements.
The 3 1-2 mill tax for the water supply and electric light system having been voted by the taxpayers, the same was levied by the Town Council, has been collected each year since then, and is still being collected, and the proceeds thereof applied to the purposes intended.
The waterworks and the electric light plant were constructed, completed in the early part of 1893 and have been operated by the company since then.
The ground upon which plaintiff seeks to recover from the defendant Waterworks and Electric Light Company is that it is a citizen and taxpayer of Monroe; that it has each year paid its pro rata of-the special tax levied for the waterworks and electric light system and to the company the usual rates and charges for its own use of the water and light privileges; that the company obligated itself by its contract with the City of Monroe to supply the water necessary for the extinguishment of fires; that .this obligation enures to the benefit of the citizens of the municipality as well as to the municipality itself, and for the breach thereof the company is liable to the citizen in the event of loss to him as the result of the breach, as well as to the city; that there was a breach of the obligation, and utter failure to supply the water needed, and in consequence the fire department of Monroe was unable to extinguish the fire which started in plaintiff’s property; and that had there been the supply of water contracted for, its property would not have- been destroyed, nor the loss it suffered incurred.
*1246 A further ground upon which recovery against the Waterworks Company is asserted is, t,hat there had been a verbal contract entered into between plaintiff and the company by which the latter, in consideration of one hundred dollars per annum paid to it by plaintiff, agreed to supply and have ready at all times for use in pipes and hydrants erected on the premises by plaintifE as a precaution against fire, water in sufficient quantity and with a specified force of pressure sufficient to'serve the purpose of the extinguishment of fires such as the one that destroyed plaintiff’s property, and that there had been a breach, likewise, of the obligation of this/contract, entitling plaintifE to recover as damages the amount of the loss sustained, which loss, it is alleged, would not have occurred had the water contracted for been supplied.
The ground upon which recovery against the City of Monroe is demanded is that said city having stipulated for a bond from the Waterworks Company, to insure the faithful performance of the company’s obligation under the contract, and the bond having been given, and having stipulated further in its contract with the company that in case of the failure of the company to keep the system of waterworks in good and efficient working order, supplying water as per its contract, the city might itself assume charge and control of the works and operate the same, failed to require the company to fulfill its contract, failed to coerce it in respect to its duty by taking proceedings on the bond, and failed to assume charge of the works and operate the same under the stipulation to that effect for the benefit of the city and the inhabitants thereof, and that because of this delinquency on the part of the officials of the municipality, the latter is liable to plaintiff for the loss it has incurred and which, it is averred, would have been prevented had the Waterworks Company been forced by the city to meet the obligations of the contract, or had the city itself taken charge and operated the works.
The petition charges the reckless disregard and flagrant and wanton violation of its contract by the Waterworks Company, and that the city officials well knew of the same and" yet took no steps'to conserve the rights and interests of the city and of the taxpayers and people in respect thereof.
It is represented that the insurance companies, plaintiffs herein, had local agents in Monroe, and that the several contracts of insur *1247 anee with the Planters’ Oil Mill, and the premiums or tariff rates charged therefor were predicated upon the contract which the Waterworks Company had with the city and with the oil mill for a sufficient supply of water for fire purposes, and that the companies and their representatives believed and had the right to believe the Waterworks Company would meet/ and the City of Monroe would compel it to meet, its engagements under the contract.
It will be seen that both the company and the city are charged with wrongfully and negligently occasioning the loss and destruction of plaintiffs’ property. And the city officials aré charged with non-feasance or mis-feasance in connection with the waterworks contract, thus contributing to the loss and damage suffered by plaintiff.
Under these circumstances, the liability of both the company and the city in solido to the claimants is asserted.
Plaintiff does not annex to its petition the contract made by the Waterworks Company with the city, though it does annex the plans and specifications for the construction of the waterworks. The ordinance of the city relating to the contract, and the contract itself are, however, found in the record. IIow the same got there does not s . . appear, for the case went off on exception in the trial court, and as to this exception there was no evidence offered and no note of evidence appears in the record.
A dilatory exception of misjoinder of parties was filed and overruled. It is insisted on here and requires notice at our hands.
The suit on part of the plaintiffs is to recover the total alleged loss by fire. Part of this loss having been paid by the insurance companies, it was proper practice for them to join plaintiff in the suit against the alleged common debtors, or for plaintiff to sue, as was done, for the use and benefit of the companies to the extent of the loss paid by them. And it is not improper joinder of parties defendant when the City of Monroe is sued, along with the Waterworks Company, for the amount of the loss sustained by plaintiff. A state of facts is alleged from which, according to the theory of the petition, the obligation in solido of the two defendants results. If, as the consequence of acts of commission or omission, the solidary liability of two or more persons to another arises, such persons may be sued at one and the same time in the same action for a judgment in solido against them. ■
An exception of no cause of action was filed, argued and sustained by the trial court by dismissing altogether the suit against the City *1248 of Monroe, and by dismissing that branch of it against the Waterworks Company founded on the contract made by it with the City of Monroe. As to the other branch of the case against the Waterworks Company, growing out of the alleged verbal contract made by it with the plaintiff for the furnishing of water, the exception was overruled and the company held to answer.
Plaintiff appeals.
The ruling of the court a qua, holding that no cause of action against the City of Monroe is set forth, was correct.
The power residing in the city to provide for a supply of water is, in its nature, legislative and govermental. Its exercise is not merely a ministerial duty. It follows that if the power be not exercised, if no provision be made for a water supply to extinguish fires, the city is not’ responsible for the loss which the owners of property may sustain by fires occurring.
It follows, further, that where the city has undertaken to provide a water supply, as, in this case, by a contract with a private company, and there is a failure on part of the compnny to meet in full its obligations in this respect, and, because of this, loss by fire results to citizens, the city is not liable. And this is so even though an annual tax be levied for the purpose.
Yule vs. City of New Orleans, 25. La. Ann. 394; Springfield Fire and Marine Ins. Co. vs. Village of Keesville, 148 N. Y. 46; 78 Ga. 24; 53 Mo. 159; 2 Am. Rep. 368; 63 Ia. 447; 29 Ind. 107; 8 Am. Rep. 292; 28 West Va. 233; 3 Lea (Tenn.) 42; 123 Mass. 311; 163 Ia. 447; 16 S. C. 412.
Nor is the. city to be held liable for the non-feasance or mis-feasance of its officials in connection with the contract entered into by the city ■with the Waterworks Company — for their failure to coerce the company to a compliance with the duties and obligations it assumed under the contract.
The principle upon which this rests is succinctly stated in City vs. Kerr and Gaily, 50 La. Ann. 413.
But it is not so clear that the Waterworks Company having contracted with the city to supply water adequate to the fire necessities of the town, and failing to do so, is not liable to citizens for losses directly traceable to its failure.
*1249 Many authorities in other jurisdictions are cited by counsel for defendant to show non-liability, but it is not certain they are applicable here considering the provisions of our Code and statutory law.
’This contract as made by the City of Monroe was intended by both parties to enure to the benefit of the inhabitants of the town. The stipulations therein made as to a water supply for use in case of fires was in their favor.
Article 1890 of the Civil Code declares that: “A person “may also, in his own name, make some advantage for a third person the condition or consideration of a commutative contract, or onerous donation; and if such third person consents to avail himself of the advantage stipulated in his favor, the contract can not be revoked.”
See also C. C. 1902.
The property taxpayers of Monroe, by voting the special tax in aid of the waterworks contracted for by the city, and subsequently paying it, signified their assent to accept the provisions of the contract which were designed to enure to their benefit. It was a sufficient evidence of their consent to avail themselves of the advantages it stipulated.
If the advantages this contract stipulates were in favor of the citizens and taxpayers, then they are to be viewed as obligees thereof. Now, C. C. 1926 declares: “On the breach of any obligation to do, or not to do, the obligee is entitled to damages.”
And C. C. 1930 recites that: “The obligations of contracts, extending to whatsoever is incident to such contracts, the party who violates 'them is liable, as one of the incidents of his obligation, to the payment of the damages which the other party has sustained by his default.”
A contract may be violated passively by not doing what was. contracted to be done, or not doing it at the time, or in the manner stipu(lated or implied from the nature of the contract. C. C. 1931.
If the plaintiff herein is not an obligee of the contract to that extent that he may maintain a direct action on it,-but is rather to be viewed as a third person not a party to it, nevertheless, if it be true that certain stipulations in the contract have been made for its benefit as one of the citizens and taxpayers of the town, it (plaintiff company) may yet maintain an equitable action against the one who has contracted the obligation.
Article 35 of the Code of Practice is authority for this for it says: “An equitable action is that which does not immediately arise from *1250 the contract, hut from equity in favor of a third person, not a party to it, and for whose benefit certain stipulations have been made.”
See also Wright vs. Oakley, 16 La. Ann. 126; Freligh vs. Milner, Ib. 418; Duchamp vs. Nicholson, 2 N. S. 672; Marigny vs. Remy, 3 N. S. 607; Dick vs. Reynolds, 4 N. S. 527; Flower vs. Lane, 6 N. S. 152; Pemberton vs. Zacharie, 3 La. 316; Gravier vs. Gravier, 3 N. S. 211; Dicey on Parties to Actions, p. 391 (mar. p. 370).
If there be in this contract no express stipulation in favor of the citizen arid taxpayers, that a sufficient supply of water to' extinguish fires would be furnished, does not such stipulation result by necessary implication ? Gill vs. Nelson, 16 La. Ann. 275.
It would seem that the Waterworks Company, by reason of having accepted the obligations imposed by the city ordinances and by the contract it had entered into, had a public duty to perform which embraced in its benefits every property owner of Monroe. And it would further seem that the contract it entered into was no.t made more for the benefit of the municipality itself than for the benefit of the inhabitants of the town. Ostrander on Fire Insurance, Section 343, p, 726.
So, too,,it has been held that a defendant who owes a duty to a community owes it, as a general rule, to every member of the community, and that if any member suffers a special injury from a breach of that duty, an action will lie.
Sisk vs. Crump, 112 Ind. 504; 14 N. E. 381; 129 Ind. 472 ; 28 N. E. 1113. See also Rich vs. R. R. Co., 87 N. Y. 395.
Municipal governments, while legal entities, are no more than convenient regulations instituted by the people, that they may act in their aggregate character to secure their larger protection and happiness. Municipalities are the people acting in their corporate capacity. It was the people’s money'that was paid the Water Company; it was for the benefit of the people that the promise was made on part of the company' to supply water for extinguishing fires. Ostrander on Fire Insurance, Section 383.
If it were to the public, that the promise of the contract was made, then it was to “the public as composed of individual, persons.” The municipality was but the agent of the public as thus composed. Its acts in the matter of the contract under consideration was' chiefly fiduciary. The beneficiaries are the corporators. It will not do to say the Water Company owes them no duty.
*1251 Ib. Sections 345, 347, 348. See Paducah Lumber Co. vs. Paducah Water Supply Co., 89 Ky. 340; 12 S. W. 554 and 13 S. W. 249; Gorrell vs. Greensboro Water Co., 32 S. E. 720.
While not deciding or intending to decide outright that plaintiff is entitled to recover against the Water Company on account of the contract made by the latter with the City of Monroe, -we are yet of the opinion that, taking the allegations of the petition as true for the purpose of the trial of the exception, a sufficient legal cause of action against the company is disclosed to send the case to trial on its merits.
For the reasons assigned, it is ordered, adjudged and decreed that the judgment appealed from, in so far as it dismisses the plaintiffs’ suit against the Monroe Waterworks and Light Company, based on the contract between said company and the City of Monroe, be avoided and reversed, and it is now ordered and decreed that the exception of no cause of action to that extent be overruled, and that said suit, as to that branch of the case, be reinstated on the docket of the trial court and trial thereof had upon its merits.
It is further ordered, etc., that in all other respects the judgment appealed from be affirmed — costs of appeal to be borne.by the Waterworks Company.*