## CIRCUIT COURT OF BALTIMORE CITY.

Filed May 26, 1905.

FRANK H. CALLAWAY ET AL.

VS.

MAYOR AND CITY COUNCIL OF BALTIMORE.

*James P. Gorter, William L. Marbury, Michael A. Mullin, Joseph C. Mullin, Charles H. Stanley, Henry H. Hubner, Arthur W. Machen* and *Arthur W. Machen, Jr.*, for plaintiffs.

*Wm. Cabell Bruce* and *Albert C. Ritchie* for defendant.

■■■■■■■■■■■■■■■■

■■■■■■■■■■■■■■■■

DENNIS, J.—

This bill is filed for the specific enforcement of a contract for the sale to the city of certain adjacent tracts of land for the purpose of a new reservoir, made by the plaintiff in his own right and as agent for certain other parties. The city was authorized to make the purchase under the provisions of the "Ordinance of estimates for the year 1903," passed on December 2, 1902, and the agreement of purchase was duly executed by the proper city authorities with the plaintiff.

On January 14, 1904, an ordinance declaring that "for various public reasons it is deemed expedient by the Mayor and City Council of Baltimore that this ordinance should be passed" was enacted, by which this appropriation for the new reservoir under the Ordinance of December 2nd, 1902, was in express terms repealed.

Was this repealing ordinance a valid exercise of the municipal law-making power? If it was, it carries the contract of sale with it, and this bill cannot be maintained; but it is contended on behalf of the plaintiff that this repealing ordinance is void, because repugnant to Section 10, Article 1, of the Federal Constitution, which forbids a State from passing any law impairing the obligation of a contract. Many other objections to the relief sought by the bill are urged on behalf of the city, but in the view I take of the case, it will be necessary to consider only this one.

In discussing this question, we start with the well known fundamental principle of construction applicable to all public statutes, that before a court will declare a statute unconstitutional as being in contravention of either the State or Federal Constitution, such repugnance must appear to *clearly* exist. Every intendment will be made, and every doubt resolved, in favor of the validity of the enactment by the law-making power, unless the terms and character of the statute are such as to clearly demonstrate its repugnance to the constitutional provision. This principle it too well established to need the citation of authority.

I think it is well-established law generally, and no where more firmly settled than in this State by the decisions of our own Court of Appeals, that municipal contracts of the character of the one before us are subject to rescission by the municipality without violating this provision of the Federal Constitution. This seems to me to be completely ruled by the case of Rittenhouse vs. Mayor and City Council of Baltimore, 25 Md., 336. The facts in that case were as follows:

An ordinance had been passed on April 28, 1860, providing for the purchase of a site for the erection of a new almshouse. In November, 1860, a contract was made by the city with Geo. R. Rittenhouse for brickmason's work to be done and material to be furnished in the erection of the almshouse, and Rittenhouse then made contracts with outside parties for the purchase of clay for manufacturing the bricks and for procuring lime and labor for laying the bricks, and actually started on the execution of his contract.

On April 5, 1861, an ordinance was passed repealing the ordinance of April 28, 1860, on the ground that the site selected was not suitable for an

almshouse. Rittenhouse thereupon instituted suit against the city to recover damages for the breach of his contract. His counsel contended, just as the plaintiffs contend in this case, that to give effect to the repealing ordinance, would violate the provisions of the Federal Constitution against impairing the obligations of contracts. (See page 343.)

The court held that contracts of a municipal corporation are of two kinds: (1) Those arising out of the exercise of powers entrusted to the corporation in its municipal character exclusively for public purposes, and (2) those made by the corporation in its character as a mere property-holder, or where it engages in an enterprise not necessarily connected with or growing out of its public capacity as a part of the local government.

With respect to the latter class, the rights and liabilities of the city were held to be measured and determined by the same rules as govern mere individual persons or private corporations, but it was held that the former class of contracts must be taken and construed as being made subject to the power of the city to repeal the ordinances authorizing them, and to abandon or discontinue the work, if in its judgment the public good so requires, and the courts have no power to review or control the acts of the corporation in this respect.

The contract with Rittenhouse falling within this latter class was held to have been made subject to the power of the city to repeal the ordinance authorizing it, and to abandon and discontinue the work, and Rittenhouse was only allowed to recover for such damages as he had actually sustained on the faith of the contract while the same was in force.

Rittenhouse's case was cited with approval in Darling & Morse vs. Mayor and City Council of Baltimore, 51 Md., 1, 13, and in Lake Roland Elevated Company vs. Mayor and City Council of Baltimore, 77 Md., 352, this court again gave its unqualified approval to the doctrine announced in Rittenhouse's case, that a municipal corporation cannot by contract or ordinance abridge its future legislative power. The decision in the Lake Roland Elevated Company was affirmed by the United States Supreme Court in Baltimore vs. Baltimore Trust and Guarantee Company, 166 U. S., 673.

In Chesapeake and Potomac Telephone Company et al. vs. Mayor and City Council of Baltimore et al., 89 Md., 689, this court again approved Rittenhouse's case, but held that it did not apply to the facts then before them, because there was no suggestion in that case that the repeal of the ordinance authorizing the Telephone Company to lay its conduits had been justified by any public considerations.

If, however, it had appeared that the repealing ordinance had been dictated by the public interests, and had been passed in the exercise by the city of its public municipal functions, then the doctrine in Rittenhouse's case would have been applied. In the Telephone Company case, moreover, there had been a legislative ratification and confirmation of the contract with the Telephone Company, which put it beyond the power of the City Council to repeal.

See also case of the Westminster Water Company vs. Mayor and City Council of Westminster, reported in THE DAILY RECORD, February 6, 1904, in which the court upheld an ordinance repealing a prior ordinance under which a contract had been made for the furnishing of water.

See, also, Chicago, Burlington and Quincy Railroad Company vs. Nebraska, 170 U. S., 57, where the United States Supreme Court announces the same doctrine and upholds an ordinance which in effect impaired a prior contract between the city of Omaha and certain railroad companies.

It is settled, therefore, that contracts made by a municipal corporation in the exercise of its public functions may be rescinded, and the ordinances authorizing them may be repealed, whenever the corporation in its discretion determines that the public good so requires, and the obligation of the contract thus repudiated is not impaired, because the contract is taken as entered into subject to the city's right to rescind.

In order to bring the present case within this principle of law, it only remains to consider whether in contracting for the reservoir site the city was acting in its public capacity. This point has been the subject of expressed decision.

In Springfield Fire and Marine Insurance Company vs. Keeseville, 148 N. Y., 46, the court, after full consideration of the question, held that the grant of power to a municipality to construct and maintain a system of waterworks is to be regarded as exclusively for public purposes and as belonging to the corporation in its public, political or municipal character, and not in its private capacity.

This case is particularly applicable, because it distinguishes the earlier New York case of Bailey vs. Mayor, &c., 3 Hill, 531, on the ground that the decision in that case depended upon the special franchises which had been conferred by the legislature.

In Planter's Oil Mill vs. Monroe Waterworks and Light Company, 52 La. Ann. 1243, the power residing in a city to provide for a supply of water was held to be legislative and governmental. The same conclusion was reached as to the same power in Miller vs. Minneapolis, 75 Minn. 131, and in Minneapolis Gas Light Company vs. Minneapolis, 36 Minn. 159, the power of lighting streets was held to be governmental and legislative in its character.

See, also, Foster vs. Cape May, 60 N. J. Law, 78.

I submit, therefore, that the contract between Callaway and a majority of the Reservoir Commission related to the public and governmental functions of the city of Baltimore, and was, therefore, subject to rescission in case the public interests, speaking through the Mayor and City Council, so required.

That the public interests did so require is evidenced by the recital in the repealing ordinance itself, that "for various public reasons it is deemed expedient by the Mayor and City Council of Baltimore that this ordinance should be passed." But even without this express declaration, the ordinance, dealing as it does with one of the city's public functions, would be presumed to have been dictated by the public interests.

See Southern Bell Telephone Company vs. Richmond, 98 Federal Reporter, 671.

If Callaway has sustained any damage by reason of expenses or liabilities incurred on the faith of his contract; and while the same was in force or even if he has suffered damage by reason of any unreasonable delay in passing the repealing ordinance, these are matters for which he should receive compensation, in a proper suit brought for that purpose.

Rittenhouse vs. Mayor and City Council, 25 Md., 336-349.

Lake Roland Co. vs. Mayor and City Council, 77 Md. 352.

I am of opinion, therefore, that the contract sought to be enforced in this case falls directly within the principle laid down in Rittenhouse's case, and that the Ordinance of January 14th, 1904, constitutes valid municipal legislation and effectually repealed the clause in the Ordinance of Estimates making the appropriation for the proposed new reservoir, and under which provision the contract was sought to be specifically enforced was entered into, and that the contract was effectually abrogated by the repeal. For this reason, the bill must be dismissed, and the plaintiff left to recover by action at law such damages as he may show himself to have suffered by reason of the failure of the city to carry out the terms of its contract.