## TRAVELERS INSURANCE COMPANY v. IRON RANGES NATURAL GAS COMPANY AND OTHERS.

183 N. W. (2d) 784.

February 5, 1971—No. 42155.

*Donohue & Donohue* and *Howard I. Donohue,* for appellant.

*Meagher, Geer, Markham & Anderson, R. M. Frisbee,* and *O. C. Adamson II,* for respondents.

Heard before Knutson, C. J., and Nelson, Murphy, Otis, and Frank T. Gallagher, JJ. Reconsidered and decided en banc.

FRANK T. GALLAGHER, JUSTICE.

Plaintiff, Travelers Insurance Company, appeals from an order of the district court denying its motion for a new trial following a jury verdict for defendants.

The action is for recovery of property damages resulting from a natural gas explosion which occurred on March 10, 1965, in the basement of the Pioneer Telephone Company at Crosby, Minnesota. Plaintiff, as insurer of the building, paid Pioneer Telephone Company $52,271.72 as the amount of its damages and became subrogated to the rights of the telephone company. It appears undisputed that the natural gas which exploded came from a break in a pipeline owned by defendant Iron Ranges Natural Gas Company; this pipeline had been installed in 1960 by defendant Northern Underground Constructors, Inc., of Dodge Center, Minnesota; and the gas entered a windowless basement room of the telephone company through several conduit openings, which the telephone company had left unsealed or unplugged during construction in 1960 in apparent violation of a regulation of the Public Service Commission, successor to the Railroad and Warehouse Commission.

We agree with the trial court that plaintiff might have had some recovery had this case been tried under the present comparative negligence statute. However, under the law as it existed at the time of trial and in the absence of prejudicial error, we must affirm.

At trial, defendant offered for admission a copy of an order of the Railroad and Warehouse Commission (predecessor to the Public Service Commission), which provided in part:

"IT IS THEREFORE ORDERED:

"1. That Part 2 and the Grounding Rules published therewith of the 5th Edition of the National Electrical Safety Code embodied in handbook H 32 issued September 23, 1941, by the National Bureau of Standards of the United States Department of Commerce, in so far as it applies to the construction, maintenance, and operation of telephone, telegraph, electric light, power, or other electric lines crossing, or more or less paralleling the lines of any railroad, interurban railway, or any other public utility, be, and the same are hereby prescribed for the State of Minnesota, together with the General Rules for Coordination and Cooperation hereto attached marked Exhibit A and hereby made a part hereof."

Attached thereto was a certificate from the secretary of the Public Service Commission indicating that the copy offered was identical with the original on file in his office. Defendant also offered for admission Regulation 291G of the safety rules referred to. Regulation 291G provides:

"291. Manholes.

\*   \*   \*   \*   \*

"G. Sealing Laterals.

"Lateral ducts for service connections to buildings, through which gas or water may enter buildings or other duct systems, should be effectively plugged or cemented by the use of asphaltum, pitch, or other suitable means."

Plaintiff vigorously contested the admissibility of both exhibits. After listening to in-chambers argument from the attorneys for both sides, the court ruled in favor of admissibility, stating:

"\* \* \* The Court is going to hold on the basis of this certificate [by the secretary of the Public Service Commission] that it is presumed to have been passed properly, and if it can be attacked in any way, that will be up to [the objecting party]. I wish the Court had more time, but generally these documents

from State departments by the custodian of their particular records are assumed to be valid on their face."

Plaintiff contends on appeal that Regulation 291G does not have the force and effect of law because it was not filed with the secretary of state and further that it was not admissible at trial because it was not shown to have been filed with the secretary of state.

Pursuant to the provisions of Minn. St. 15.049, this court takes judicial notice of the records on file in the office of the secretary of state. These records contain a file numbered 9797-Z12, entitled: "RULES AND REGULATIONS, RAILROAD AND WAREHOUSE COMMISSION," on the front of which is stamped:

"STATE OF MINNESOTA
"DEPARTMENT OF STATE
    FILED
June 24, 1946 - 3 p. m.
    /S/ MIKE HOLM
      SECRETARY OF STATE"

Included among the papers in that file is the order of the Railroad and Warehouse Commission quoted above. This requires rejection of plaintiff's first contention and renders unprejudicial any possible error in the admission of Regulation 291G without a showing that it had been filed with the secretary of state.[1]

Plaintiff next contends that the natural gas company and the pipeline construction company are not members of the class sought to be protected by the regulation. It argues that the viola-

---

[1] When the plaintiff opposed admission of the regulation on the grounds of invalidity for failure to comply with statutory procedures for adoption, the burden of presenting a prima facie showing of validity fell to the regulation's proponent (defendants here). This is normally accomplished by a showing that the regulation has been filed with the secretary of state or has been published by the State Publication Board. Either showing would raise a rebuttable presumption that it was duly adopted, Minn. St. 15.048, and shift to the opponent of admissibility the burden of showing in what manner the adoption procedure was deficient.

tion by the plaintiff of a regulation such as is relied on here, even though it had the effect and force of law, does not make the plaintiff guilty of contributory negligence as a matter of law unless it is shown that the regulation was adopted for the benefit of the person asserting the violation. Plaintiff claims that this is particularly true of defendant Northern Underground Constructors, Inc., which has no office or property in the area where the explosion occurred or in the village of Crosby. It further claims that it not having been shown that the regulation was adopted for the protection of the defendants, it should not have been admitted in evidence.

Defendants on the other hand claim that they are members of a class entitled to the protection of a regulation having the force of law which requires a telephone company to seal conduits adjacent to natural gaslines. They argue that safety statutes not specifically limited by their terms—such as factory acts—are generally enacted for the benefit of every member of the public who is exposed to injury or loss by a violation, citing Dart v. Pure Oil Co. 223 Minn. 526, 27 N. W. (2d) 555, which was an action for the death of a purchaser of an explosive mixture of gasoline and kerosene sold in violation of statute wherein we held that the protection of the statute should not be limited to users. It is defendant's position that the class of persons for whose protection the regulation was enacted extends to all of those persons who may normally be expected to sustain injury or loss by a violation and that this class includes the defendants.

It is our opinion that under the record here defendants could be found to be within the class entitled to the protection of the safety regulation involved. As a general rule, a statute is intended to protect those who may normally be expected to suffer particular injury from its violation. Note, 19 Minn. L. Rev. 666, 670, and cases cited. To ascertain this protected group the court looks to the statutory language in light of the evils to be remedied or the harm to be prevented. Lynghaug v. Payte, 247 Minn. 186, 76 N. W. (2d) 660.

The obvious purpose of Regulation 291G is to prevent gas seepage into buildings through lateral ducts. This regulation clearly contemplated the possibility of a gas leakage and was intended to prevent or at least diminish the possibility of an explosion should there be such a leakage of gas, negligent or otherwise.

Plaintiff contends that the trial court was in error in failing to instruct the jury that the telephone company was not bound to anticipate the negligence of the defendants until it became aware of such negligence. We find no reversible error in connection with the trial court's failure to give such an instruction under the facts and circumstances in this case. Those cases which have reached that result in Minnesota contained no statutory command to anticipate negligence as appears in this record.

It is our opinion that under the rules and laws existing at the time of the trial the verdict should be affirmed.

Affirmed.

MURPHY, JUSTICE (dissenting).

The damages involved in this action resulted from the defective installation and maintenance of a gas distribution system by defendants. The defective connection was located more than one-half a block from insured's building. Insured's negligence is predicated upon alleged violation of a regulation of doubtful validity, which in any event was not adopted or intended for the benefit of the negligent defendants. I would reverse.

OTIS, JUSTICE (dissenting).
I concur in the dissent of Mr. Justice Murphy.

KELLY, JUSTICE (dissenting).
I concur in the dissent of Mr. Justice Murphy.