EARL H. NELMS v. CIVIL SERVICE COMMISSION OF STATE OF MINNESOTA AND OTHERS.

220 N. W. 2d 300.

June 28, 1974—No. 44369.

*John F. Bonner, Jr.,* and *John F. Bonner III,* for appellant.

*Warren Spannaus,* Attorney General, *Jonathan H. Morgan,* Solicitor General, and *William G. Peterson* and *Donald A. Kannas,* Special Assistant Attorneys General, for respondents.

PER CURIAM.

This is an appeal from an order of the district court sustaining the action of the Civil Service Board and the chief conservation officer in discharging an employee. We affirm.

The employee, Earl H. Nelms, was discharged by the chief conservation officer on November 3, 1969, for certain specified charges relating to violations of game and fish laws and civil service regulations. After a hearing, the Civil Service Board sustained employee's discharge.

In this appeal employee challenges the authority of the chief conservation officer to discharge him as an improper delegation of power to such officer by the Commissioner of Conservation.

The employee cites a basic rule that discretionary powers may not be delegated. Darling v. City of St. Paul, 19 Minn. 336 (389) (1872); Minneapolis Gas-Light Co. v. City of Minneapolis, 36 Minn. 159, 30 N. W. 450 (1886). However, this rule should not be applied when the legislature provides statutory authorization for the delegation of such powers. 67 C. J. S., Officers, § 151; 2 McQuillan, Municipal Corporations (3 ed.) § 10.39.

Minn. St. 84.083, subd. 1, provides:

"Each division shall have charge of administering the activities indicated by its title and such other duties and functions as may be assigned by the commissioner, subject to the right of the commissioner to revise and change assignments of any and all activities or of specific duties or functions at any time as he may see fit, including but not limited to the right to abolish or revise existing divisions or to establish new divisions. The commissioner may, by written order filed in the office of the secretary of state, delegate to the directors or other employees designated by him, any of the powers or duties vested in or imposed upon the commissioner by this act or by any other law upon such conditions as he may prescribe and subject to modification or revocation at his pleasure. Such delegated powers and duties may be exercised or performed by the respective directors or other employees in their own names or in the name of the commissioner, as he may direct."

Employee argues that the order of the commissioner delegating his powers is drafted improperly. The order reads as follows:

"STATE OF MINNESOTA
DEPARTMENT OF CONSERVATION
COMMISSIONER'S APPOINTMENT AND DELEGATION
ORDER NO. 124

"By virtue of authority conferred upon me as Commissioner of the Department of Conservation by Laws 1967, Chapter 905, I hereby appoint and designate Paul R. Martz Chief Conservation Officer of the Division of Conservation Officers of the Department of Conservation, State of Minnesota, to serve at my pleasure as provided in said chapter.

"I hereby delegate and authorize him to exercise all the powers, duties and responsibilities vested in and imposed upon the Commissioner of Conservation by law pertaining to the Division of Conservation Officers. Such delegated powers and duties shall be exercised or performed by the said Paul R. Martz in his own name.

"This order to be effective July 10, 1967.

"Dated at Saint Paul, Minnesota, this 12 day of July, 1967.

/s/ JARLE LEIRFALLOM
Commissioner of Conservation

"I hereby accept the foregoing appointment and delegation as of July 10, 1967.

/s/ PAUL R. MARTZ
STATE OF MINNESOTA
Department of State
FILED
Jul 13 1967
/s/ Joseph L. Donovan
Secretary of State"

Employee argues that the order purports to delegate all the commissioner's powers while the statute implies only certain powers may be delegated. The order provides that "all" powers are delegated to Paul R. Martz while the statute provides that "any" powers may be delegated. Minn. St. 84.083, subd. 1.

Whether this distinction is valid or not is of little significance

since the order delegating powers to Martz is conditional. The order delegates not all the powers of the commissioner of conservation but all the powers of the commissioner "pertaining to the Division of Conservation Officers."

Also, respondent points out that this court has addressed itself to the construction of the words, "any" and "all." The court said:

"The use of the words 'any' and 'any other' is sweeping in its reach. * * * 'Any' is all-comprehensive. Unless modified by the context, it includes all persons and things referred to indiscriminately." Orme v. Atlas Gas and Oil Co. 217 Minn. 27, 36, 13 N. W. 2d 757, 763 (1944).

We hold that the order delegating powers is effective and valid.

Even if the delegation is proper, employee argues that Order No. 124 is not in evidence. Order No. 124 was cited in the district court's memorandum but never introduced as evidence at the hearing before the Civil Service Board. Though the district court did not announce an intention to take judicial notice of the order, it was a part of its consideration.

On appeal this court may take judicial notice of the order whether or not the district court judicially noticed the order. Atwood v. Holmes, 229 Minn. 37, 38 N. W. 2d 62 (1949). As prescribed by § 84.083, subd. 1, Order No. 124 was filed with the secretary of state. Minn. St. 15.049[1] permits this court to take judicial notice of documents filed with the secretary of state. Travelers Ins. Co. v. Iron Ranges Natural Gas Co. 289 Minn. 260, 183 N. W. 2d 784 (1971). Employee's contention therefore cannot be sustained.

Affirmed.

---

[1] Minn. St. 15.049 provides: "Judicial notice of any rule, regulation, or order duly filed or published under the provisions of sections 15.046 to 15.049 shall be taken."