A/AL, INC., d/b/a Faribo Bottle
Shop, Appellant,

v.

The CITY OF FARIBAULT, Respondent.

No. C8–97–868.

Court of Appeals of Minnesota.

Nov. 4, 1997.

Randall D.B. Tigue, Randall Tigue Law Office, P.A., Minneapolis, for appellant.

Kurt S. Fischer, Matthew B. Johnson, Carlson & Fischer, Faribault, for respondent.

Considered and decided by PETERSON, P.J., and DAVIES and FOLEY,* JJ.

## OPINION

DAVIES, Judge.

Appellant challenges the district court's order upholding the validity of respondent city's ordinance regulating the days on which intoxicating liquor may be sold. We reverse.

## FACTS

In June 1996, appellant A/AL, Inc. (d/b/a Faribo Bottle Shop), a licensed off-sale liquor store, brought a declaratory judgment action against respondent City of Faribault, challenging the city's ordinance prohibiting off-premise liquor sales on New Year's Day, Memorial Day, Independence Day, and Labor Day. Appellant also asserted that the prohibition of off-premises sales on those days was invalid because the ordinance was not applicable to sales of 3.2 percent malt liquor.

The district court issued a temporary restraining order, and later a temporary injunction, enjoining enforcement of the ordinance. In August 1996, the city council

---

* Retired judge of the Minnesota Court of Appeals, serving by appointment pursuant to Minn. Const. art. VI, § 10.

amended the ordinance to modify the restriction on sales of 3.2 percent malt liquor. Appellant then amended its complaint to adjust its challenge to fit the modified 3.2 percent malt liquor restriction. The matter was submitted on stipulated facts. In March 1997, the district court upheld the amended ordinance and dissolved the temporary injunction. This appeal followed.

## ISSUES

I. Does Minn.Stat. § 340A.504, subd. 6 (1996), bar municipalities from restricting days of sale of intoxicating liquor beyond the prohibitions of state statutes?

II. Does the city's ordinance permitting sale of 3.2 percent malt liquor violate Minn.Stat. § 340A.504, subd. 6, because it does not similarly restrict the sale of intoxicating liquor?

## ANALYSIS

The construction of a statute is a question of law and fully reviewable by an appellate court. *Hibbing Educ. Ass'n v. Public Employment Relations Bd.*, 369 N.W.2d 527, 529 (Minn.1985).

## I. Restricting Days of Intoxicating Liquor Sales

■ The hours and days of sale of intoxicating liquor for off-premise consumption is regulated by Minn.Stat. § 340A.504, subd. 4 (1996), which provides:

No sale of intoxicating liquor may be made by an off-sale licensee:

(1) on Sundays;

(2) before 8:00 a.m. on Monday through Saturday;

(3) after 10:00 p.m. on Monday through Saturday at an establishment located in a city other than a city of the first class or within a city located within 15 miles of a city of the first class in the same county;

(4) after 8:00 p.m. on Monday through Thursday and after 10:00 p.m. on Friday and Saturday at an establishment located in a city of the first class or within a city located within 15 miles of a city of the first class in the same county, provided that an establishment may sell

intoxicating liquor until 10:00 p.m. on December 31 and July 3, and on the day preceding Thanksgiving Day, unless otherwise prohibited under clause (1);

(5) on Thanksgiving Day;

(6) on Christmas Day, December 25; or

(7) after 8:00 p.m. on Christmas Eve, December 24.

The issue here arises under Minn.Stat. § 340A.504, subd. 6 (1996), which states:

A municipality may further limit *the hours of sale* of alcoholic beverages, provided that further restricted hours must apply equally to sales of 3.2 percent malt liquor and intoxicating liquor. A city may not permit the sale of alcoholic beverages during hours when the sale is prohibited by this section.

(Emphasis added.)

The challenged ordinance (Faribault, Minn., Ordinance 96–15, amending Faribault, Minn., City Code § 4–34(d) (1996)) goes beyond state limitations on the sale of intoxicating liquor for off-premise consumption by prohibiting sales on New Year's Day, Memorial Day, Independence Day, and Labor Day.

On appeal, appellant argues that the ordinance is invalid because it exceeds the authority granted to municipalities to regulate sale of alcoholic beverages. Appellant contends that Minn.Stat. § 340A.504, subd. 6, authorizes a municipality to further restrict the **hours** of sale; it does not authorize further restrictions on days of sale. We agree.

The fact that the legislature did not specifically include "days" in Minn.Stat. § 340A.504, subd. 6, shows that it was not the legislature's intent to allow municipalities to further limit days of sale.

We find support for this interpretation in the statute's procedural history. *See* Minn. Stat. § 645.16 (1996) (legislative history can be considered in construing a statute). Prior to 1989, Minn.Stat. § 340A.504, subd. 4, required off-sale establishments to close on New Year's Day, Independence Day, Thanksgiving Day, and Christmas Day. 1989 Minn. Laws ch. 49, § 5. In 1989, the legislature eliminated New Year's Day and

Independence Day from the list of prohibited days. *Id.* The legislature did not, at that time, revise Minn.Stat. § 340A.504, subd. 6, but left it in a form that expressly granted optional local control over only the hours of sale. If the legislature had intended to allow municipalities to prohibit off-sale liquor sales on the days it had just made legal, it could easily have amended subdivision 6 to say that.

This interpretation of the statute is in accord with the well-established rule that "[w]here a statute enumerates the persons or things to be affected by its provisions, there is an implied exclusion of others." *Maytag Co. v. Commissioner of Taxation*, 218 Minn. 460, 463, 17 N.W.2d 37, 40 (1944); *see also* Minn.Stat. § 645.19 (1996) ("exceptions expressed in a law shall be construed to exclude all others"). Further, in interpreting statutes, a court "cannot supply that which the legislature purposely omits or inadvertently overlooks." *Wallace v. Commissioner of Taxation*, 289 Minn. 220, 230, 184 N.W.2d 588, 594 (1971).

We also conclude that Minn.Stat. § 340A.509 (1996), which states that "[a] local authority may impose further restrictions and regulations on the sale and possession of alcoholic beverages within its limits," does not authorize the city's ordinance. This grant (or recognition) of authority applies only when no state regulations govern the sale and possession of alcoholic beverages (e.g., zoning of liquor establishments and "liquor patrol limits)." Because the legislature has established explicit regulations as to the hours and days of sale, Minn.Stat. § 340A.509 is not applicable to that area. Thus, Minn.Stat. § 340A.504, subd. 6, was necessary to give local governments power to further regulate hours.

We hold that a municipality may, under Minn.Stat. § 340A.504, subd. 6, further limit only hours of sale of alcoholic beverages; it may not further limit days of sale.[1]

## II. Sales of 3.2 Percent Malt Liquor

Minn.Stat. § 340A.504, subd. 1 (1996), provides:

No sale of 3.2 percent malt liquor may be made between 1:00 a.m. and 8:00 a.m. on the days of Monday through Saturday, nor between 1:00 a.m. and 12:00 noon on Sunday * * *.

In August 1996, respondent passed ordinance 96–15, which added the following subdivision to section 4–74 of the city code:

(d) No "off-sale" of 3.2 percent malt liquor shall be made on any day or during hours when premises licensed for the off-sale of intoxicating liquor are required to be closed under City Code Section 4–34(d), except for Sunday, when sales may be made between 12:00 p.m. and 1:00 a.m. Monday.

Faribault, Minn., City Code § 4–74(d) (1996). Appellant argues that the ordinance, by permitting the sale of 3.2 percent malt liquor during a period of time when the sale of intoxicating liquor is prohibited by statutes, applies a different rule to the sale of 3.2 percent malt liquor than it does to intoxicating liquor and therefore violates Minn.Stat. § 340A.504, subd. 6.

The statute, however, requires that a municipality that *further* limits the hours of sale of alcoholic beverages must apply the same restrictions to the sale of 3.2 percent malt liquor. The ordinance at issue does not impose further limits on the sale of intoxicating liquor on Sundays exceeding the state statutes (the state already forbids liquor sales on Sundays). Because the city has not further limited liquor sales it does not run afoul of the statute on which appellant's challenge is based.

## DECISION

Minn.Stat. § 340A.504, subd. 6 (1996), allows a municipality to further limit only the hours of sale of alcoholic beverages. Because Faribault City Code § 4–34(d) further limits the days of sale, it is not within the authority granted by the statute.

**Reversed.**

---

1. A municipality's use of the hours-of-sale restriction to limit all sales on certain days would likely be invalid as a pretextual use of the hours-of-sale provision to effect a day restriction.