**PUBLIC UTILITIES: COMMISSION STATUTORY CITIES:** City council is not authorized to delegate operation and management of telephone and cable television services to utility commission. Op. Atty. Gen. 624a-3 , May 7, 1968, superseded. Minn. Stat. § 412.351.

624a-3

November 2, 1998

Paul J. Sandelin
Crosslake City Attorney
308 First Street
P.O.Box 298
Pequot Lakes, MN 56472

Dear Mr. Sandelin:

Your letter addressed to Attorney General Hubert H. Humphrey III, dated January 13, 1998, states the following

## FACTS

The City of Crosslake is a statutory city of the fourth class that owns and operates its own telephone company and cable company. The city has adopted an ordinance that created a local utilities commission to manage and operate the telephone company and cable company. The commission establishes written policies to govern the day to day operations, but the city council retains general supervisory authority over the commission. The city council is now considering other options regarding the management and operation of the telephone and cable companies. The city's goal is to create a commission that would be independent of the city council.

Then you ask the following

## QUESTION

Does the City of Crosslake have the authority to create a utilities commission to manage and operate the Crosslake Telephone and Cable companies independent of the City Council?

## OPINION

We answer your question in the negative. Except to the extent otherwise provided by statute, governance of the affairs of the city is vested in the council. See e.g., Minn. Stat. §§ 412.111, 412.221, 412.241, 412.271 (1996). Caselaw, and prior opinions of this office have uniformly held that, absent specific statutory or charter authority, local governing bodies may not

delegate their powers and duties calling for the exercise of judgment and discretion to other persons or bodies. See e.g., Muhring v. School District No. 31, 244 Minn. 432, 28 N.W.2d 655 (1947); Minneapolis Gas and Light Co. v. City of Minneapolis, 36 Minn. 159, 30 N.W. 450 (1886); Ops. Atty. Gen. 1007, July 8, 1977; 1001-a, September 13, 1950.

While there does appear to be authority for a statutory city to own and operate telephone exchanges and cable television services,[1] we are not aware of any statutory provision authorizing the delegation of the authority to operate such city functions to a board or commission independent of the supervision of the city council.

It could be argued that the council may delegate such operation to a public utility commission established pursuant to Minn. Stat. § 412.331 et seq. Unlike advisory boards and departments created at the discretion of the council to assist in management of city affairs, such a commission has substantial authority to operate the public utilities placed under its jurisdiction, independent of council control. See Minn. Stat. § 412.361-412.371. However, while telephone and cable services would seem normally to fall within the term "public utilities," Section 412.351 expressly limits the "public utilities" that may be placed under the jurisdiction of the commission as follows:

> The council shall, in the ordinance establishing the commission, decide which of the following public utilities shall be within the commission's jurisdiction: (1) the city water system; (2) light and power system, including any system then in use or later acquired for the production and distribution of steam heat; (3) gas system; (4) sanitary or storm sewer system or both, including the city sewage disposal plant; (5) public building owned or leased by the city; (6) district heating system. As used subsequently in sections 412.51 to 412.391, the term "public utility" means any water, light and power, gas or sewer system, or public buildings thus placed by ordinance under the jurisdiction of the public utilities commission.

It is a general rule of statutory construction that "where a statute enumerates the persons or things to be affected by its provisions, there is an implied exclusion of others." Maytag Co. v.

---

[1] See e.g., Minn. Stat. §§ 237.19, 238.08, 412.014, 465.70.

Comm'r. of Taxation, 218 Minn. 460, 463, 17 N.W.2d, 37, 40 (1944). See also Lilly v. City of Minneapolis, 527 N.W.2d 107 (Minn. Ct. App. 1995); A/AL, Inc. v. City of Faribault, 569 N.W.2d 546 (Minn. Ct. App., 1997).

Inasmuch as neither telephone nor cable television service is listed in section 412.351, we must conclude that management of those services may not be vested in a utility commission. We are aware that in Op. Atty. Gen. 62 4a-3, May, 7, 1968, this Office opined that a village council was authorized by Section 412.351 (1965) to delegate operation of a television transmission system to the village utility commission. However, we have reviewed the wording of Section 412.351 as it existed in 1965 and in 1967, and cannot discern the statutory basis for that determination. Nor does the opinion itself supply any explanation of the process whereby that conclusion was reached. Consequently we do not find the previous opinion persuasive, and supersede it to the extent that it is inconsistent with this opinion.

Very truly yours,

HUBERT H. HUMPHREY III
Attorney General


KENNETH E. RASCHKE, JR.
Assistant Attorney General