THE SPRINGFIELD FIRE AND MARINE INSURANCE COMPANY, Respondent, *v.* THE VILLAGE OF KEESEVILLE, Appellant.

1. MUNICIPAL CORPORATIONS — WATER WORKS — EXEMPTION FROM LIABILITY.   When an incorporated village avails itself of the permissive authority to construct and maintain a system of water works, conferred by the general acts of the legislature upon all incorporated villages in the state, the grant of power is to be regarded as exclusively for public purposes and as belonging to the corporation in its public, political or municipal character; and for the non-user or misuser of such power (as, *e. g.*, in failing to keep the water system in condition to furnish protection from fires) the corporation cannot be made liable at the suit of a citizen.

2. MAINTENANCE OF WATER WORKS — CONTRACTUAL RELATION.   An incorporated village, by availing itself of the permissive power conferred by the general acts to construct water works, does not thereby sustain such an implied contractual relation to the public within its boundaries, with respect to the construction of such public work, as to be responsible for a failure to exercise reasonable care and diligence in respect to its maintenance.

3. PAYMENT OF WATER RENTS.   The maintenance, by an incorporated village, of water works, under the general acts, is not rendered a private corporate business, by the fact that water rents are paid to the village by the inhabitants.

*S. F. & M. Ins. Co.* v. *Vil. of Keeseville* (80 Hun, 162), reversed.

(Argued December 9, 1895; decided December 19, 1895.)

APPEAL from judgment of the General Term of the Supreme Court in the third judicial department, entered upon an order made July 14, 1894, which reversed a judgment in favor of defendant sustaining a demurrer to the complaint entered upon a decision of the court on trial at Special Term.

The complaint sets forth that the plaintiff is a Massachusetts corporation and that the defendant is a village organized under the provisions of chapter 291 of the Laws of the state of New York, passed in 1870, and the amendments thereto ; that the plaintiff carried on the business of fire insurance within the limits of the defendant, and for the privilege of so doing, and of having the protection of the water works and fire department and appliances of defendant, had paid an

annual tax to the defendant; that the defendant had a system of water works and fire appliances, which were maintained by taxes levied upon all its taxable inhabitants, including plaintiff and other insurance companies, and by water rents paid by such inhabitants. The complaint then proceeds to set forth the insurance by the plaintiff of property of one Emily E. Brewer, for a percentage less than for like property outside the limits of the water and fire protection, and the destruction by fire thereof; in consequence whereof the plaintiff had paid to her, under its contract of insurance, $4,450. The complaint then sets forth the assignment to plaintiff by Emily E. Brewer of all claims and damages against the defendant, by reason of said fire and damages, and alleges that " at the time of the aforesaid fire, the defendant had wrongfully and negligently allowed and caused its said water works, pumps, pipes and fire appliances to become and be out of repair, broken and weakened, stopped with mud and other foreign objects, and unfit for use, to such extent that water could not be thrown or put upon said dwelling house to extinguish the fire therein; that when the hose was laid and opened, and ready to throw water upon the fire in said house, said fire was very slight and had done very little damage; that if said fire appliances and water works had been in proper working order said fire would and could have been extinguished without damaging said house to exceed three hundred dollars; that at the time of said fire, and for several years previous thereto, the defendant, under and in pursuance of the powers granted it by the laws of the state of New York, had assumed to maintain water works and fire appliances and a fire department for the purpose, among other things, of protecting the property of the inhabitants of defendant against loss by fire, of all which plaintiff and its assignor had notice, and in reliance thereon said assignor paid taxes to defendant to maintain the same, and plaintiff paid taxes to defendant for said purpose, and insured property at reduced rates as aforesaid;   *   *   *   that plaintiff's aforesaid loss of $4,450, to the extent of at least $4,150,

was caused solely by the negligence and wrongful and unlawful acts of defendant, in failing to keep its water works and fire appliances in proper working order, and in failing to employ competent men to manage and care for the same." The complaint then demanded judgment for the said sum of $4,150.

The defendant demurred to the complaint, on the ground that it did not state facts sufficient to constitute a cause of action. At Special Term the demurrer was sustained and judgment went for the defendant, dismissing the complaint; but upon appeal to the General Term, that court reversed the judgment and overruled the defendant's demurrer. From the General Term judgment the defendant has appealed to this court; the General Term having certified the question as one of sufficient importance to render the decision of this court desirable before proceeding further.

*Chester B. McLaughlin* for appellant. A municipal corporation cannot be made liable (in the absence of a statute giving the remedy) for an injury arising from the negligent use of its property from which it receives, in its corporate capacity, no special benefit; or from a negligent use of its property by its officers not acting as agents or servants of the corporation, but as public officers whose duties are defined by law. (3 R. S. 3274, 3298; *Edgerly* v. *Concord,* 62 N. H. 8; *Thayer* v. *Boston,* 19 Pick. 511; *Hafford* v. *New Bedford,* 16 Gray, 297; *Hill* v. *Boston,* 122 Mass. 344; *Barbour* v. *Ellsworth,* 67 Maine, 294; *Jewett* v. *New Haven,* 38 Conn. 368; *Grant* v. *Erie,* 69 Penn. St. 420; *Davis* v. *Montgomery,* 51 Ala. 139; Cooley on Torts, 620, 621; 2 Dillon on Mun. Corp. §§ 949–951, 953–955; *Woodbridge* v. *Mayor,* 49 How. Pr. 67; *Smith* v. *City of Rochester,* 76 N. Y. 506; *Maxmilian* v. *Mayor,* 62 N. Y. 160; *O'Meara* v. *Mayor,* 1 Daly, 425; *Hayes* v. *Oshkosh,* 33 Wis. 314.) Under the statute referred to in the complaint it was discretionary with the defendant whether it would construct a sytem of water works, and, having constructed it, whether it would maintain

it or allow it to fall into disuse. (*Wainright* v. *Q. Co. W. Co.*, 78 Hun, 152; *Mendel* v. *Wheeling*, 28 W. Va. 233; *Wheeler* v. *Cincinnati*, 19 Ohio St. 19; *Van Horn* v. *Des Moines*, 63 Iowa, 447; *Fisher* v. *Boston*, 104 Mass. 87; *Tainter* v. *Worcester*, 123 Mass. 311; *Edgerly* v. *Concord*, 62 N. H. 8; *Jewett* v. *New Haven*, 38 Conn. 368; *Torbush* v. *Norwich*, 38 Conn. 225; *Grant* v. *Erie*, 69 Penn. St. 420; *Black* v. *Columbia*, 19 S. C. 412; *Heller* v. *Sedalia*, 53 Mo. 159; *Hayes* v. *Oshkosh*, 33 Wis. 314; *Kelley* v. *Milwaukee*, 18 Wis. 83; *Davis* v. *City Council*, 51 Ala. 139; *Falkner* v. *Aurora*, 15 Ind. 130; *Howard* v. *San Francisco*, 51 Cal. 52; *Wilcox* v. *Chicago*, 107 Ill. 334; *Smith* v. *Rochester*, 76 N. Y. 513; *Welsh* v. *Rutland*, 58 Vt. 228; 2 Dillon on Mun. Corp. [3d ed.] 976; S. & R. on Neg. [4th ed.] § 265; *House* v. *H. W. W. Co.*, 47 A. L. J. 443; *Davis* v. *W. W. Co.*, 54 Iowa, 59; *Becker* v. *W. W. Co.*, 79 Iowa, 419; *Fowler* v. *W. W. Co.*, 83 Ga. 219; *Foster* v. *W. W. Co.*, 3 Lea, 42; *Ferris* v. *W. W. Co.*, 16 Nev. 44; *Nickerson* v. *H. Co.*, 46 Conn. 24; *Eaton* v. *W. W. Co.*, 37 Neb. 546; *Howsman* v. *T. W. Co.*, 116 Mo. 304.)

*A. W. Boynton* for respondent. The attempted defense is an effort to sustain the claim that as a municipal corporation, defendant is exempt from liability for damages resulting from its own wrong. To establish such a defense it must invoke and show law that is irresistibly clear to that end. (*U. S.* v. *Fisher*, 2 Cranch, 290; *Cogswell* v. *N. Y., N. H. & H. R. R. Co.*, 103 N. Y. 10; *Bohan* v. *Pt. Jervis*, 122 N. Y. 18; *Com. Ins. Co.* v. *E. R. Co.*, 73 N. Y. 399; *H. Ins. Co.* v. *W. T. Co.*, 33 How. Pr. 102.) The municipality is liable on the same grounds as an individual or other corporation. (*Mayor, etc.*, v. *Bailey*, 2 Den. 444; Laws of 1875, chap. 181, § 4; Laws of 1879, chap. 129; Laws of 1881, chap. 175; Laws of 1883, chap. 255; Laws of 1885, chap. 211; Laws of 1870, chap. 291; Laws of 1886, chap. 600; Laws of 1890, chap. 406; Laws of 1891, chap. 74; *Lloyd* v. *Mayor, etc.*, 5 N. Y. 374; Beach on Pub. Corp. § 1140.) The powers granted to defendant by the law cited,

although the statutes are only permissive in terms, imply the duty on the part of the defendant to execute the powers, because the interest of the public and third persons are at stake. (*Hutson* v. *Mayor, etc.*, 9 N. Y. 163 ; *Requa* v. *Rochester*, 45 N. Y. 129 ; *Mayor, etc.,* v. *Furze*, 3 Hill, 612 ; *People* v. *Meakim*, 133 N. Y. 214 ; *People* v. *Suprs.*, 51 N. Y. 401 ; 68 N. Y. 114 ; *Hagadorn* v. *Raux*, 72 N. Y. 583 ; *Lockport* v. *Suprs.*, 17 N. Y. S. R. 342 ; *Gilmore* v. *Utica*, 121 N. Y. 568 ; *Rex* v. *Barlow*, 2 Salk. 609 ; Cooley on Const. Lim. 248, 249 ; *Nelson* v. *Mayor, etc.*, 63 N. Y. 544 ; *Hill* v. *Mayor, etc.*, 139 N. Y. 505 ; 127 N. Y. 581.) Even if the defendant was under no obligation, originally, to provide water works for the protection of its inhabitants and others against fire, yet, having assumed to exercise its legal right so to do, it became bound not to act negligently in the care and maintenance of the same and not to employ incompetent servants. (*McCarthy* v. *Syracuse*, 46 N. Y. 196 ; *Daucher* v. *Brooklyn*, 119 N. Y. 253 ; *R. R. L. Co.* v. *Rochester*, 3 N. Y. 463 ; *Houston* v. *Mayor, etc.*, 9 N. Y. 163 ; *Conrad* v. *Ithaca*, 16 N. Y. 158 ; *Barton* v. *Syracuse*, 37 Barb. 292 ; *Hutchins* v. *Mayor, etc.*, 6 Am. St. Rep. 422 ; *Seifert* v. *Brooklyn*, 101 N. Y. 136 ; *Wilson* v. *New Bedford*, 108 Mass. 261 ; 95 N. Y. 87, 88 ; *Jenny* v. *Brooklyn*, 120 N. Y. 167 ; *Moody* v. *Mayor, etc.*, 43 Barb. 282 ; *Hyatt* v. *Rondout*, 44 Barb. 385 ; *Barton* v. *Syracuse*, 36 N. Y. 54 ; *Davenport* v. *Mayor, etc.*, 37 N. Y. 568 ; *Wessman* v. *Brooklyn*, 40 N. Y. S. R. 700 ; *Lloyd* v. *Mayor, etc.*, 5 N. Y. 371.) The defendant, by accepting its organization and powers from the state, thereby became bound to the state to exercise those powers and the duties arising therefrom without negligence. (*Conrad* v. *Ithaca*, 16 N. Y. 158 ; *Nelson* v. *Canisteo*, 100 N. Y. 89 ; *Cain* v. *Syracuse*, 95 N. Y. 83 ; *Robinson* v. *Chamberlain*, 34 N. Y. 389 ; *F. F., etc., Co.* v. *Belden*, 37 N. Y. 648 ; *Johnson* v. *Baldwin*, 47 N. Y. 130 ; *Little* v. *Banks*, 85 N. Y. 263 ; *Stock* v. *City of Boston*, 149 Mass. 410 ; *Ehrgott* v. *Mayor, etc.*, 96 N. Y. 281 ; *Ring* v. *Cohoes*, 77 N. Y. 83 ; Laws of 1860, chap. 291, § 9 ; Laws of 1889, chap.

440.)   The General Term opinion is in accord with the application of the best principles of the law of this state.   (*Hill* v. *Mayor, etc.*, 139 N. Y. 495; *Cogswell* v. *N. Y., N. H. & H. R. R. Co.*, 103 N. Y. 10; *Beltz* v. *Yonkers*, 74 Hun, 75.)

GRAY, J.   The learned justice who spoke for the General Term, in a very elaborate and interesting opinion, proceeded, very correctly, as I think, upon the assumption that the negligence charged against the defendant in the complaint related entirely to its water works system.   In the view which we take of the matter, it is of comparatively little consequence whether the plaintiff bases its right of action upon negligence with respect to the fire department as such, or to the water department as such.   But the fair reading of the complaint undoubtedly warrants the assumption of the learned justice at General Term.

If I correctly apprehend the reasoning, which led the General Term to the conclusion that there was a municipal liability upon an admission of the facts set forth in the complaint, it rests, in the main, upon two theories.   In the first place it is held that by the voluntary assumption on the part of the defendant of the power conferred by statute to construct and maintain water works, it became responsible for the proper exercise of such power and that such responsibility is necessarily demanded in the interest of an efficient public service, and the inhabitants, who have contributed to the maintenance of such a public work, have a right to hold the defendant to the exercise of reasonable care and diligence and to a liability for a failure to do so.   In the next place, it is held, while not deeming that the defendant had engaged in a private corporate business, conducted for its own benefit and not for the general public, nevertheless, that the defendant having agreed to erect and take charge of the public work and enterprise for the public within its boundaries, if there is a failure to exercise reasonable care and diligence in maintaining it, there has been a breach of an implied contract, for which, if injury results, an action will lie.   Holding these

views, the learned General Term felt compelled, because of the admission by the defendant, through its demurrer, of the allegations of wrongful and neglectful conduct in relation to the maintenance of its water works, to hold that the plaintiff made out a good cause of action.

The proposition that such a liability rests upon a municipal corporation, as is asserted here, is somewhat startling and I think the learned General Term justices have misapprehended the nature of the responsibility, which devolved upon the defendant in connection with its maintenance of a water works system, as well as the character of the power which it was authorized to exercise in relation thereto. I might remark, in the same spirit of criticism which was assumed by the learned justice at General Term, that while the efficiency of the public service would be promoted by holding municipal corporations to the exercise of reasonable care and diligence in the performance of municipal duties and to a liability for injury resulting from a failure in such exercise, the application of that doctrine to such a case as this might, and probably would, be highly disastrous to municipal governments. A little reflection will show that a multitude of actions would be encouraged, by fire insurance companies, as by individuals, and that cases have arisen, and may still arise, where an extensive conflagration might bankrupt the municipality, if it could be rendered liable for the damages or losses sustained.

The distinction between the public and private powers conferred upon municipal corporations, although the line of demarkation at times may be difficult to ascertain, is generally clear enough. It has been frequently the subject of judicial discussion and, among the numerous cases, it is sufficient to refer to *Bailey* v. *The Mayor* (3 Hill, 531); *Lloyd* v. *The Mayor* (5 N. Y. 369) and *Maxmilian* y. *The Mayor* (62 id. 160). The opinion in *Darlington* v. *The Mayor* (31 N. Y. 164) is also instructive upon the subject. When we find that the power conferred has relation to public purposes and is for the public good, it is to be classified as governmental in

its nature and it appertains to the corporation in its political character. But when it relates to the accomplishment of private corporate purposes, in which the public is only indirectly concerned, it is private in its nature and the municipal corporation, in respect to its exercise, is regarded as a legal individual. In the former case, the corporation is exempt from all liability, whether for non-user or misuser ; while in the latter case, it may be held to that degree of responsibility which would attach to an ordinary private corporation. Then, the investiture of municipal corporations by the legislature with administrative powers may be of two kinds. It may confer powers and enjoin their performance upon the corporation as a duty; or it may create new powers to be exercised as governmental adjuncts and make their assumption optional with the corporation. Where a duty specifically enjoined upon the corporation as such has been wholly neglected by its agents and an injury to an individual arises in consequence of the neglect, the corporation will be held responsible. (*Mayor* v. *Furze*, 3 Hill, 612, 619.) So, in *McCarthy* v. *Syracuse* (46 N. Y. 194), it was held that where a duty of a ministerial character is imposed by law upon the corporation, a negligent omission to perform that duty creates a liability for damages sustained. Such responsibility, however, would not attach to the corporation where it has voluntarily assumed powers, authorized by the legislature under some general provision respecting municipalities throughout the state and permissive in their nature; and at this point I touch one of the theories upon which the General Term decision seems to rest. In such a case — and I speak, of course, of legislative acts which are general in their nature and scope — the assumption by the municipal corporation is of a further function of self, or local, government and such a power is discretionary in its exercise, and carries with it no consequent liability for non-user or misuser. In the legislature reside the power and force of government, confided to it by the People under constitutional restrictions. In the creation of munici-

pal corporations subordinate commonwealths are made, upon which certain limited and prescribed political powers are conferred and which enjoy the benefits of local self government. (*People ex rel., etc.,* v. *Detroit,* 28 Mich. 228.) When, in addition to those general powers which are prescribed upon the creation of a municipal corporation, general statutes permit the assumption of further powers as a means of benefiting the portion of the public in the particular locality, they invest the corporation availing itself of the permission with just so much more governmental power. Just as the general powers deposited with the various municipalities are exercised by them in a *quasi* sovereign capacity, so would any added powers designed for the general public good, though optional with the corporation as to their assumption, and in their exercise and performance local, be exercised. They are not special, as being designed for and granted to a particular municipality; for they are applicable to every part of the body politic where municipal government exists. Such powers, in legal contemplation, appertain to the municipal corporation as such, and may be adopted as a part of the governmental system.

The acts, under which the defendant was authorized to construct and maintain a system of water works, constitute a general law, applicable to all incorporated villages in the state. They impose no duty and, when availed of, the task undertaken is discretionary in its character. The grant of power must be regarded as exclusively for public purposes and as belonging to the municipal corporation, when assumed, in its public, political or municipal character. In *Bailey* v. *The Mayor* (3 Hill, 531), to which reference is made in the opinion below, the city of New York, at a very early day, was authorized by special legislation to engage in the work of supplying its citizens with water and to acquire lands and water rights for the purpose and, as it is clear from the reading of the opinion of Chief Justice NELSON, the city was regarded in the light of any other private company, because of the special franchises conferred. Assuming that we could regard

the doctrine of that case as authoritative at the present day, as to which there has been, and might be, some question, (see *Darlington* v. *The Mayor, etc., of New York, supra*), the decision is inapplicable to the present case. In *Hunt* v. *The Mayor* (109 N. Y. 134) the case turned upon the performance by the city of the duty cast upon it to keep its streets in a safe condition for travel. In *Cain* v. *Syracuse*, (95 N. Y. 83), the discussion was as to the nature of the duty imposed upon the defendant by the power in its charter to pass ordinances, among other things, for the razing of buildings which had become dangerous by reason of fire. The failure of the common council to pass a resolution in respect to the building in question was not deemed to be a neglect of a duty. It was a discretionary matter. Nothing was decided in that case, which controls the decision of the present case, or which affects the discussion materially.

Nor can we assent to the view that the defendant sustains such an implied contractual relation to the public within its boundaries, with respect to the construction of this public work, as to be responsible for a failure to exercise reasonable care and diligence in respect to its maintenance. If the views which I have, somewhat briefly, expressed are correct, the defendant exercised a function which, like all governmental functions, was purely discretionary. What it undertook to do, when availing itself of the privilege of the general act, was to provide for the local convenience of its inhabitants.

The industry of the defendant's counsel has collated a great number of decisions by the courts of other states, which indicate a very general view that the powers conferred by the law of the state upon its municipal corporations to establish water works and fire departments, are, in their nature, legislative and governmental. From them I may select one or two. In *Edgerly* v. *Concord* (62 N. H. 8), it was said by the court: "As a part of the governmental machinery of the state, municipal corporations legislate and provide for the customary local convenience of the people and in exercising these discretionary functions the corporations are not called upon to

respond in damages to individuals, either for omissions to act or in the mode of exercising the powers conferred on them for public purposes and to be exercised at discretion for the public good. For injuries arising from the corporation's failure to exercise its public, legislative and police powers, and for the manner of executing those powers there is no remedy against the municipality, nor can an action be maintained for damages resulting from the failure of its officers to discharge properly and efficiently their official duties."

In *Tainter* v. *Worcester* (123 Mass. 311), it was said by the court: "The protection of all buildings in a city or town from destruction or injury by fire is for the benefit of all the inhabitants and for their relief from a common danger; and cities and towns are, therefore, authorized by general laws to provide and maintain fire engines, etc., to supply water for the extinguishment of fires. The city did not by accepting the statute and building its water works under it enter into any contract with, or assume any liability to, the owners of property to furnish means or water for the extinguishment of fires upon which an action can be maintained."

In *Maxmilian* v. *The Mayor*, (62 N. Y. 160), the reasoning of the opinion permits a clear inference that this defendant did not, by accepting the provisions of the statutes, assume a duty of the kind which arises from the grant of a special power. Judge FOLGER uses this language, in his discussion of the two kinds of duties which are imposed upon a municipal corporation: "The former" (referring to the case of a grant of a special power), "is not held by the municipality as one of the political divisions of the state." Again he says: "Where the power is intrusted to it as one of the political divisions of the state, and is conferred not for the immediate benefit of the municipality, but as a means to the exercise of the sovereign power for the benefit of all citizens, the corporation is not liable for non-user, nor for misuser by the public agents;" citing *Eastman* v. *Meredith*, (36 N. H. 284).

This defendant, precisely, is entrusted with the power to maintain its water works, because it is one of the political

subdivisions of the state to which the general act has reference in its general grant of power or privilege.

Nor does the fact that water rents are paid by the inhabitants of the defendant affect the question. This fact is made use of to show the private corporate character of the water works system; and the suggestion is that profit or benefits accrue to the defendant whereby the corporate undertaking is affected with a private interest. But that is an incorrect notion. The imposition of water rents is but a mode of taxation and a part of the general scheme for the purpose of raising revenue with which to carry on the work of government. If profits accrue over the expense of the maintenance of the system, they go to benefit the public by lessening the general burden of taxation.

The fallacy, as it seems to me, which affects the argument that the municipal corporation can be made liable for the non-user or misuser of its power, consists in that it fails to appreciate the true nature of the function which the corporation performs. It adds to its political machinery for the purpose of benefiting and of protecting its inhabitants. There is nothing connected with the work, which is not of a governmental and public nature. It is in no sense a private business, and the authority to construct the works was given to it by the legislature, not at its own particular instance or application, but because it was one of the political subdivisions of the state and, as such, was entitled to exercise it. How could it justly be said that the maintenance of the water works system, any more than of a fire department, was a matter of private corporate interest? Is it not for all the inhabitants and for their good and protection? No interest was designed to be subserved, other than that of adding to the powers of a community carrying on a local government. If that is true, the alternative is that being for public purposes and for the general welfare and protection, the defendant assumed a governmental function and comes under the sanction of the rule which exempts government from suits by citizens.

8

Further elaboration of the subject is quite possible; but the views expressed seem sufficient to justify the conclusion that the determination reached by the General Term was erroneous.

The order and judgment appealed from should be reversed and the judgment entered at the Special Term should be affirmed, with costs.

All concur (Bartlett, J., upon grounds stated in the opinion, and also upon the further ground that this court decided the principle here invc'ved in *Hughes* v. *The County of Monroe,* 147 N. Y. 49).

Ordered accordingly.