(1 App. Div. 199.)

### TILFORD v. MAYOR, ETC., OF CITY OF NEW YORK.

(Supreme Court, Appellate Division, Second Department.  February 4, 1896.)

WATER SUPPLY OF NEW YORK CITY—PREVENTING POLLUTION—COMMISSIONER OF PUBLIC WORKS.

Laws 1893, c. 189, § 27, authorizing the commissioner of public works of the city of New York "to take such measures as may be necessary to preserve from pollution" all sources of the city water supply, and to that end to enter upon premises, "and to abate and remove the cause of any such pollution," confers no power to arrest or quarantine persons, and therefore, where a person is wrongfully confined within his house by an officer claiming to act under the provisions of said section, the city is not liable for resultant injuries.

Appeal from circuit court.

Action by William H. Tilford against the mayor, aldermen, and commonalty of the city of New York, for damages for false imprisonment. From a judgment dismissing the complaint, plaintiff appeals. Affirmed.

Argued before BROWN, P. J., and PRATT, CULLEN, BARTLETT, and HATCH, JJ.

Wm. Church Osborn, for appellant.

Theodore Connolly and Terence Farley, for respondent.

BROWN, P. J.  The plaintiff alleged in his complaint that in May, 1893, his son, who resided with him on his farm at Lake

Mahopac, in Putnam county, was ill with typhoid fever, and that during that month "the defendant, by its officers or representatives, entered upon said premises, in company with a deputy sheriff of Putnam county, and ordered the plaintiff to remain in the house, and placed said deputy sheriff in charge thereof, with orders to arrest plaintiff or any of his family who attempted to leave the same"; that the plaintiff was illegally restrained of his liberty for the period of 21 days, for which detention, and for the injuries sustained by reason thereof, a recovery is sought against the defendant.

It would serve no useful purpose to enter into a discussion of the distinction between the public and private powers of municipal corporations as affecting corporate liability, or attempt to point out the line of demarkation between these powers. The most recent expressions of judicial opinion upon that interesting question will be found in Springfield Fire & Marine Ins. Co. v. Village of Keeseville, 148 N. Y. 46, 42 N. E. 405; Hughes v. Monroe Co., 147 N. Y. 49, 41 N. E. 407; and Mayor, etc., of New York v. Workman, 14 C. C. A. 530, 67 Fed. 347. The rule of law which controls this case is that, to establish municipal liability, the act complained of must be one within the scope of the power of the corporation conferred upon it by statute. If the act complained of was committed outside of the authority and power of the corporation thus conferred, the corporation is not liable, although the officers of the corporation may have expressly directed its performance. Smith v. City of Rochester, 76 N. Y. 506; Dill. Mun. Corp. (3d Ed.) §§ 968–996; Tied..Mun. Corp. 331a, 332, 333.

The plaintiff's case, if sustainable in law, must find its support in chapter 189, Laws 1893. For the purpose of construing that act, we assume, although the fact does not appear in the case, that the plaintiff's farm lies within the territory usually designated as the "Croton Watershed." The question presented is, therefore, does the statute referred to confer upon the commissioner of public works of the city of New York, as incidental to the preservation from pollution and defilement of the sources of the water supply of the city, the power to do such an act as the plaintiff complains of? The section of the statute to which we are referred as a source of this power is as follows:

"Sec. 27. The commissioner of public works of the city of New York is hereby authorized to take such measures as may be necessary to preserve from pollution and defilement all the sources of the water supply, whether the same be rivers or other water courses, lakes, ponds or reservoirs situate in the counties of Westchester, Dutchess and Putnam, and to that end to enter in and upon, at any time within three years after the passage of this act, any or all lands near, on, adjacent or contiguous to any of the said sources of water supply, and to abate and remove the cause of any such pollution or defilement."

This section clearly confers no power to arrest or quarantine persons. It empowers the commissioner to enter upon lands, and abate and remove nuisances therefrom, but none to interfere with or restrain individuals living upon the property.

The act of which the plaintiff complains, and which forms the basis of the cause of action set forth in his complaint, was, therefore, one

wholly outside of any power conferred by law upon the commissioner of public works, and for it the city was not liable.

The judgment must be affirmed, with costs.    All concur.

