(127 App. Div. 888.)

GORDON v. VILLAGE OF SILVER CREEK.

(Supreme Court, Appellate Division, Fourth Department. July 7, 1908.)

1. NUISANCE—ACQUISITION OF RIGHTS BY PRESCRIPTION.
    Where land affected by a nuisance, consisting of a pumping plant, was owned and occupied by plaintiff as a residence for a number of years before the plant was erected, plaintiff was entitled to recover, though the residence in which he lived at the time the suit was brought was not built until after the pumping plant was established.

2. MUNICIPAL CORPORATIONS—TORTS—NUISANCE—GOVERNMENTAL FUNCTIONS.
    A municipal corporation which erects a pumping plant is liable for injuries to adjoining residence property caused by the emission of smoke, and it cannot avoid liability as for a nuisance on the ground that in maintaining the pumping plant it is exercising a governmental function delegated to it by the state.
    [Ed. Note.—For cases in point, see Cent. Dig. vol. 36, Municipal Corporations, § 1552.]

3. SAME—LOCATION OF PROPERTY INJURED.
    The liability of a city for causing injury to residence property by smoke discharged from a pumping plant is not affected by the question whether the property is located within or without the municipal limits.

4. NUISANCE—WHAT CONSTITUTES—QUESTION OF FACT.
    Whether the use of land is unreasonable, so as to constitute the use a nuisance, depends on the circumstances of the particular case and is a question of fact.
    [Ed. Note.—For cases in point, see Cent. Dig. vol. 37, Nuisance, § 129.]

5. SAME—INJURY FROM NUISANCE.
    Where injury to plaintiff's land, arising from the use of other land in the neighborhood, is unimportant, or is such as might naturally be supposed it would suffer as incident to the probable or reasonably anticipated lawful use of the surrounding property, plaintiff cannot recover as for a nuisance.

6. EMINENT DOMAIN—COMPENSATION—INJURY TO SURROUNDING LAND.
    Serious and substantial injury to surrounding residence property, resulting from the use of soft coal in operating a municipal pumping plant, is an appropriation of the property injured to the extent that it is damaged, and the owners thereof are entitled to recover therefor.
    [Ed. Note.—For cases in point, see Cent. Dig. vol. 18, Eminent Domain, §§ 236, 237.]

7. MUNICIPAL CORPORATIONS—TORTS—ACTION FOR NUISANCE—FINDINGS.
    In an action against a municipal corporation for injury to property, resulting from the use of soft coal in a pumping plant, a finding of the court that plaintiff's property was seriously and substantially injured by the coal dust imported a finding that the use of soft coal as fuel in conducting the pumping plant was unreasonable, and an express finding to that effect was not necessary.

8. APPEAL AND ERROR—REVIEW—PRESUMPTIONS.
    Where, in an action for injury to property by smoke issuing from a municipal pumping plant, the court found that the plaintiff's property was seriously and substantially injured by the smoke, it will be presumed on appeal that the court also found that the use of soft coal in the plant was unreasonable.

Appeal from Special Term, Chautauqua County.

Action by Robert Gordon, Jr., against the village of Silver Creek. From a judgment for plaintiff, defendant appeals. Affirmed.

Argued before McLENNAN, P. J., and SPRING, WILLIAMS, KRUSE, and ROBSON, JJ.

George E. Towne, for appellant.
Thomas H. Larkins, for respondent.

ROBSON, J. Plaintiff is the owner of premises in the vill·ge of Silver Creek upon which he had resided for nearly 20 years prior to the commencement of this action. Defendant is a municipal corporation duly organized and acting under and pursuant to the general village law. Some six years prior to the commencement of the action defendant built a pumping station near plaintiff's premises and installed therein boilers and other machinery for pumping water from Lake Erie. The service which this part of the plant was intended to accomplish was the furnishing of an auxiliary, or supplemental, supply of water at those times when the usual source of supply by the gravity system, theretofore installed, became inadequate, or, as on occasion it did, failed entirely.

Though plaintiff had occupied these premises for a number of years before defendant erected its pumping plant, the house in which he resided during the time for which he has recovered damages was not built until after the pumping plant was put up. Defendant's counsel seeks to attach some significance to this fact as a defense to plaintiff's claim, but I do not think his claim in that regard has any merit. Plaintiff's premises were, and had been for many years, residential property, and were adapted to and used exclusively for that purpose. The smoke nuisance, created by defendant, of which plaintiff complains, and for which he has recovered damages, invaded plaintiff's right to the use of his premises as he had continuously used them for years before the pumping plant was established.

Defendant's principal assault upon the judgment is based upon the claim that, in establishing the pumping plant and thereafter operating it, defendant was exercising a governmental function delegated to it by the state, and therefore it is not responsible either for the nonuser, or, as in this case, the misuser, of its delegated power. In support of this claim the case of Springfield Fire Ins. Co. v. Keeseville, 148 N. Y. 46, 42 N. E. 405, 30 L. R. A. 660, 51 Am. St. Rep. 667, is chiefly relied on. While the court in that case does use the comprehensive expressions as to the nonliability of a municipal corporation for the nonuser, or misuser, of a delegated governmental function, and further determines that the installation and operation by a municipality of a waterworks system is a governmental function, I do not think it is an authority applicable to, or in any way decisive in determining, the respective rights of the plaintiff in this action. The misuser referred to in the Keeseville Case related only to a failure to accomplish the purpose for which the waterworks system was installed, not to the damages to property owners occasioned by appropriating, or destroying, their property rights by reason of the erection or operation of the plant.

The case of Sammons v. Gloversville, 175 N. Y. 346, 67 N. E. 622, seems decisive authority adverse to defendant's contention on this point. In that case plaintiff's property was damaged by the discharge of sewage in a creek flowing through plaintiff's premises. The city's authorities were empowered by statute to construct and maintain

sewers so as to discharge them into the creek in question. The same claim, now urged, that the city was exercising simply an authorized governmental power, in the construction and operation of its sewage system, was fully exploited and considered in that case. In disposing of this branch of the case, the court says (page 352 of 175 N. Y., page 624 of 67 N. E.):

"The charter, in authorizing a system of sewers and drains discharging into the stream, neither conferred an unusual favor, nor a right to deposit sewage upon plaintiff's lands, situated miles below the city. If the results complained of are unavoidable, then we may not assume a power implied from the permission of the charter to destroy the plaintiff's property without compensation. The Legislature could not authorize such an injury without requiring payment for the consequences, and it has not assumed to do so. The plaintiff is not seeking to interfere with the construction or maintenance of the municipal system of sewers. His complaint, as the finding, is that the sewage of the city is carried down to and upon his lands to the injury of their use and so to create a nuisance. We think that the legislative intent was that the discretion of the municipal authorities, in maintaining a system of sewage, should be exercised in conformity with private rights, and, if their destruction be involved, that, in such a case, payment must be made."

It is true that in the case last cited plaintiff was not a resident of, nor was the property damaged within the limits of, the defendant corporation; but I do not see how that fact differentiates the case from the one before us so far as a determination of the question now presented is involved. For the purpose of establishing or maintaining an authorized municipal public work it does not seem that the municipality can have any more power to appropriate even for the public use, either by taking actual possession of property of a citizen of a municipality as a site for its public works, or by the practical destruction of a citizen's property rights in maintaining and operating such works, than it would have if the owner were not a citizen of the municipality and the property affected not within its borders.

It is doubtless true that the law relating to private nuisance is usually a law of degree, and turns on the question of fact whether the use is reasonable or not under all the circumstances. McCarthy v. Natural Carbonic Gas Co., 189 N. Y. 40, 81 N. E. 549, 13 L. R. A. (N. S.) 465.

If plaintiff's damages were unimportant, or such as might naturally be supposed he would suffer as incident to the probable, or reasonably anticipated, lawful use to which property in his immediate neighborhood might be applied, then he might have failed to establish a cause of action; but the evidence amply supports the findings of the court that the damages inflicted by defendant's acts are serious and substantial. If it was necessary for defendant to use soft coal with the results to plaintiff's property which the evidence discloses, then, beyond question, defendant appropriated for its own purposes plaintiff's property to the extent it damaged and destroyed it.

Defendant's counsel further urges that the findings of fact are insufficient to warrant an award of damages, because there is not an express finding that the use of soft coal and the manner of its use by defendant in its pumping plant were unreasonable. That a nuisance is not established unless the interference with or extent of the appro-

priation of plaintiff's rights is under all the circumstances of the case unreasonable may be conceded. The unreasonableness of the use is a fact which must necessarily be established and appear as a fact found, or as a necessary inference from other facts found. McCarthy v. Natural Carbonic Gas Co., 189 N. Y. 40, 47, 81 N. E. 549, 13 L. R. A. (N. S.) 465. The destruction and damage of plaintiff's property, to the extent and in the manner found by the court as facts, clearly discloses the inference that defendant's use of its pumping plant while soft coal was used as fuel was unreasonable under all the circumstances, and therefore an express finding to that effect is not necessary. Even if necessary, the presumption might be indulged in support of the judgment that this fact·has been found in favor of plaintiff.

Judgment affirmed, with costs. All concur.