BOARD OF WATER COM'RS OF CITY OF CORNING v. CITY OF
CORNING.

(Supreme Court, Appellate Division, Fourth Department.   July 12, 1910.)

WATERS AND WATER COURSES (§ 203*)—MUNICIPAL WATERWORKS—RATES FOR
MUNICIPAL USE—COLLECTION—REMEDY.

Under Laws 1906, c. 195, § 12, permitting a municipal board of water
commissioners to fix a rate to be paid by the city for water for municipal
use, suit does not lie against the city by the board to collect the rate.

[Ed. Note.—For other cases, see Waters and Water Courses, Dec. Dig.
§ 203.*]

Appeal from Trial Term, Steuben County.

Action by the Board of Water Commissioners of the City of Cor-
ning against the City of Corning.   From orders refusing to vacate a
judgment for plaintiff, defendant appeals.   Reversed, and motion
granted.

Argued before McLENNAN, P. J., and SPRING, WILLIAMS,
KRUSE, and ROBSON, JJ.

James O. Sebring, for appellant.
Waldo W. Willard, for respondent.

WILLIAMS, J.   The order should be reversed, with $10 costs
and disbursements, and the motions granted, without costs.

The principal ground upon which it was sought to set aside the
judgment was that there never was any right of action upon which
to base the judgment.   The plaintiff was created a body corporate by
chapter 195, Laws of 1906.   Section 11 of that act provided that the
amounts derived from all sources by the water board should be ap-
plied to the payment of the operating expenses of the waterworks and
to the payment of the principal and interest of the bonds as they came
due, and when in any year the moneys received should be insufficient
for that purpose the common council should provide by tax for the
payment of such deficiency, which should be assessed, levied, and
raised in the same manner as other general taxes.   Section 12 of
that act provided that the water board should from time to time fix
and determine the water rates to be paid by all consumers of water,
*including a just annual rate to be paid by the city at large for the
use of water for municipal purposes,* that the water board should col-
lect at least quarterly the water rentals for water supplied for all use,
and should have a right of action to recover the same, and the amount
of such rentals should be a lien upon the premises for which the wa-
ter was furnished, and might be enforced as a city tax upon default
in payment for 30 days after due notice, with interest at rate of 1
per cent. per month, and that all moneys and income received by the
water board should be deposited to the credit of the water fund ac-
count in a bank designated by the water board, and paid out only as
provided therein.

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

The scheme of the statute appears to have been that, while the water board was a branch of the city government, it was nevertheless to conduct its business separate and distinct from the other city officers.   It was to collect and receive its moneys, and keep them in its own bank, separate and apart from other city funds, and disburse them itself.   In order that it might conduct its business in a legal and orderly manner, the city should pay over to the board the water rates fixed by that board as they came due, the same as other water consumers.   This duty should be performed by the city officers, who are charged with the collection and disbursement of the city funds. If such officials refuse or neglect to perform this duty, there should be some way to compel them to do it.   The water board assumed that the provision in the statute above referred to, giving a right of action to collect water rates, applied to the city as well as other parties supplied with water, and therefore the remedy by action was applied here.   In this we think the board was in error.   It could not have been the design of the Legislature to permit an action to be brought by one branch of the city government against the city, and to have judgment and execution against the city.   The more appropriate remedy would be a mandamus to compel one class of city officers to perform their duty under the statute towards another and distinct branch of the city government.   This remedy we believe would be appropriate and the only proper remedy.   The action here was improperly brought, and the judgment improperly granted, and should therefore be vacated and set aside.

We do not need to deal with the question as to whether the rate fixed by the water board for the city was just.   That question would very properly be determined in the proceeding for a mandamus, if the determination by the water board was not as matter of law conclusive.   We prefer to put our decision here purely upon the ground that an action was not the proper remedy to compel the officers of the city to perform their duty to the water board.   Whether mandamus would lie is a question we are not called upon to decide now. The duty of raising the money and paying the water rates was purely ministerial, not judicial, and therefore mandamus to compel the performance of such duty would lie, at the instance of any interested party.   People ex rel. Wooster v. Maher, 141 N. Y. 330, 36 N. E. 396; People ex rel. Harris v. Com., 149 N. Y. 26, 43 N. E. 418; People ex rel. Town of Walton v. Supervisors, 173 N. Y. 297, 66 N. E. 7.   I have no doubt but the water board has such an interest in the performance of this duty as to enable it to maintain the proceeding for such mandamus, and possibly a private water consumer may have, also.

These questions relating to mandamus have not been argued or considered by counsel on these appeals, and our suggestions with reference thereto will not be regarded as binding upon us in a case where they are directly involved, if we shall then, on more mature consideration, be of a contrary opinion.   All concur.