PEOPLE ex rel. JOHNSON et al. v. BARROWS et al.

(Supreme Court, Appellate Division, Fourth Department. July 12, 1910.)

1. WATERS AND WATER COURSES (§ 203*)—AUTHORITY OF WATER BOARD—CHARGES FOR WATER FURNISHED CITY.

Laws 1893, c. 478, being the charter of the city of Olean, created a city water board and a park board, and gave the water board power to establish a water system, to borrow money and issue bonds therefor to aid in the construction of the water system, to establish a scale of water rents, and provided that if the entire annual receipts for water rents after paying expenses should in any year be insufficient to pay the interest for that year on the loan, or insufficient, with the amount in the sinking fund, to pay any part of the principal falling due that year, the common council should cause such deficiency to be assessed and collected as other expenses of the city. The water board was further empowered to establish by-laws, rules, and regulations for collection of the water rents and the manner of using water, and to enforce the observance thereof by cutting off the use and supply of water. The water board provided by rule that, if water rents were not paid as therein required, the supply of water should be shut off. On the refusal of the park board to pay the rate which they established for use of water by that board, the water board shut off its supply. *Held* that, in the absence of an express provision in the charter requiring the city or any of its departments to pay water rents, the water board was without authority to charge the city or any department for water used.

[Ed. Note.—For other cases, see Waters and Water Courses, Cent. Dig. § 290; Dec. Dig. § 203.*]

2. WATERS AND WATER COURSES (§ 203*)—AUTHORITY OF WATER BOARD—CHARGES FOR WATER FURNISHED CITY—REMEDY.

If the water board had been authorized to charge the park board for water furnished it, the remedy for failure to pay for the same would not be by turning off the water, as the supply to the park board was to meet a public necessity, and should not be interfered with.

[Ed. Note.—For other cases, see Waters and Water Courses, Cent. Dig. § 295; Dec. Dig. § 203.*]

Appeal from Trial Term, Catteraugus County.

Mandamus proceedings by the People of the State of New York, on the relation of John A. Johnson and others, constituting the Board of Park Commissioners of the City of Olean, against David E. Barrows and others, constituting the Board of Water Commissioners of said city, and John Z. Le Fevre, Superintendent and Clerk of said Board of Water Commissioners. A peremptory writ of mandamus was granted, and defendants appeal. Affirmed.

Argued before McLENNAN, P. J., and SPRING, WILLIAMS, KRUSE, and ROBSON, JJ.

M. B. Jewell, for appellants.
Allen J. Hastings, for respondents.

WILLIAMS, J. The judgment and order should be affirmed, without costs.

The mandamus directed the water board to turn the water into the pipes extending into the public parks of the city and permit the park

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep't Indexes

commissioners to use, without expense to them, such water for public purposes. The water had been turned off by the water board because of the nonpayment by the park board of water rents amounting to $30.16. The charter of the city (chapter 478, Laws 1893) created these two departments of the city government, the water board and the park board. Section 53 of that act gave the water board power to establish a water system and to procure water for domestic purposes and public use. Section 56 of the act gave the water board power to borrow money and issue bonds therefor, to use in the construction of the water system. Section 61 of the act gave the water board power to establish a scale of water rents to be paid for the use of the water. Section 63 of the act provided that the entire annual receipts for water rents, after paying for repairs, extension of system, and other necessary expenses, should be applied towards the payment of the interest on the loan and the creation of a sinking fund for the payment of the principal of the loan. Section 64 of the act provided that in case the entire annual receipts for water rents remaining after paying such expenses should in any year be insufficient to pay the interest for that year on the loan, or when any principal becomes due, such water rents, with the sum then in the sinking fund, should be insufficient to pay such principal, with the interest falling due that year, the common council should cause such deficiency to be assessed, levied, and collected the same as other expenses of the city. Section 66 provided that the water board should have power to establish by-laws, rules, and regulations for the collection of the water rents, and the manner of using water, and enforce the observance thereof by cutting off the use and supply of water. Rule 8a, made by the water board, provided, if water rents were not paid as therein required, the supply of water should be shut off.

Under these provisions of the law and the rule, the water board established a rate for water used by the park, and required the park board to pay the same, and, upon their neglect or refusal to pay the same, turned off the water, claiming the park board should pay water rents the same as individual residents of the city using the water. There was no express provision in the charter requiring the city or any of its departments, other than the water board, to pay water rents the same as individuals. True, the provision was general that the water board should establish a rate of water rents for water supplied; but, if the design was to require the city and its departments to pay water rents the same as private parties, the act would so have provided, as in the Case of the City of Corning, now before us for decision. 124 N. Y. Supp. 268. There it was expressly provided that the city, as well as the individuals, should pay water rents to the water board. We see no particular need in requiring it here, in the absence of the express provision, because it would seem to make no difference whether water rents were paid or the deficiency was paid. In either event the amount would be raised by general taxation upon the city. Even if there was no deficiency in years when only expenses and interest on the loan were to be paid, yet, when the principal or any part of it matured, there would be a deficiency, and the sinking fund would then be less in amount if the city had not paid water rents than if it had.

The deficiency, like the water rents, would be payable by general taxation. Whether, therefore, the tax should be for water rents to increase the sinking fund from year to year, or to pay deficiency, would make no difference to the city or the general taxpayers, nor to the individual water consumers.

I conclude, therefore, that the park board could not be required to pay water rents. But, if they could, I do not think the remedy could be properly applied of turning off the water. The supply of water to the city for public purposes was a public necessity, and should not be interfered with. If the park board or other city officials would not perform a duty imposed upon them by law to pay over to the water board the water rents, the remedy would very likely be by mandamus, on the application of any one having an interest therein, to compel the performance of such official duty, as we held in the City of Corning Case above referred to.

No costs need be allowed. All concur; ROBSON, J., on the last ground stated in the opinion only.