BOARD OF EDUCATION OF CITY OF LOCKPORT v. RICHMOND et al.

(Supreme Court, Equity Term, Niagara County.   June, 1912.)

1. WATERS AND WATER COURSES (§ 203*)—WATERWORKS.

The board of education of Lockport being a municipal corporation distinct from the city, the water commissioners should not, for nonpayment, resort to remedy provided in city charter of shutting off the water supply to the public schools; water being a public necessity, and the duty of paying the rates being a ministerial one, enforceable by mandamus.

[Ed. Note.—For other cases, see Waters and Water Courses, Cent. Dig. §§ 290–299; Dec. Dig. § 203.*]

2. SCHOOLS AND SCHOOL DISTRICTS (§ 87*)—LIABILITIES—WATER RATES—EXEMPTION.

School Act (Laws 1847, c. 51) § 23, providing that school property vested in the board of education shall be exempt from taxation and

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

execution, does not exempt the board from the duty of paying for water furnished the school, though it be a form of taxation; and Lockport City Charter (Laws 1911, c. 870) § 204, having given the water board power to fix the rates, the Board of Education, being a separate corporation, is properly chargeable with the water it uses.

[Ed. Note.—For other cases, see Schools and School Districts, Cent. Dig. §§ 206, 207; Dec. Dig. § 87.*]

Action for an injunction by the Board of Education of the City of Lockport against William Richmond and others, as Water Commissioners, and others. Submitted on agreed facts. Judgment granting an injunction for plaintiff, and denying other relief.

W. W. Storrs, of Lockport, for plaintiff.
W. S. Caton, Corp. Counsel, for defendants.

POUND, J. This case presents two questions for the determination of the court: (1) Have the defendants, the water board of the city of Lockport and the superintendent of waterworks, authority to shut off from the public schools the water supply from the municipal water supply system of the city for the alleged nonpayment of water rates by the plaintiff, the board of education of said city? (2) Have said defendants authority to require or compel said plaintiff to pay for water furnished from the municipal water supply system of said city to the public schools? The first question is one of remedy; the second question is one of right.

[1] The board of education of the city of Lockport is a municipal corporation, separate and distinct from the city of Lockport, holding title to the school property, disbursing its own funds. Laws 1847, c. 51, as amended. It has never been constituted a part of the city government. Its duties are state, not local. Ham v. Mayor, 70 N. Y. 459. But the supply of water to the public schools is a public necessity and should not be interfered with, even though it should be the duty of the board of education to pay water rents. I think that the remedy of cutting off the water supply for unpaid water rates provided by section 210 of the City Charter (Laws 1911, c. 870) cannot be applied against the board of education of the city of Lockport. The duty of paying the water rates, if any, due from the board of education, is a clear legal duty, purely ministerial, which can probably be compelled by mandamus, without resort to the summary method properly provided for in case of delinquent private corporations and individuals. People ex rel. Johnson v. Barrows, 140 App. Div. 24, 124 N. Y. Supp. 270, affirmed 204 N. Y. 664, 97 N. E. 1113; Board of Water Com'rs v. Corning, 140 App. Div. 11, 124 N. Y. Supp. 268, affirmed 201 N. Y. 570, 95 N. E. 1123.

[2] It is urged that the plaintiff is exempt by law from liability for the payment of water rates. Section 23 of the school act provides:

"The title of schoolhouses, sites, lots, furniture, books, apparatus and appurtenances, and all other school property in this act mentioned, shall be vested in said board of education; and the same, while used for or appropriated to school purposes, shall be exempt from all taxes and assess-

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

ments, and shall not be liable to be levied upon or sold by virtue of any warrant or execution."

This is an exemption of the property, not of the board. Water rates are not made a lien on property by the Lockport Charter, and while "the imposition of water rates is but a mode of taxation" (Fire Ins. Co. v. Keeseville, 148 N. Y. 46, 42 N. E. 405, 30 L. R. A. 660, 51 Am. St. Rep. 667), I find nothing in the School Act which relieves the board of education from liability for water rates. But the remedy is not by the enforcement of a lien therefor against the school property. The Charter provides (section 204) that:

"The water board shall have power, subject to the approval of the common council, to fix, prescribe, and regulate the water rates and charges for the use of water in the said city."

In the exercise of such power, meter rates have been fixed. I am of the opinion that the board of education, being a distinct municipal corporation and not a mere department of the city government, is properly chargeable at the fixed rates for the water it uses. While it apparently was not the design of the Legislature that the water board should sue the board of education to recover unpaid water rents, or cut off the water from the schools, or sell the school property to pay water rates, it seems clear that the board of education was made separate from the city government, so that it might conduct business with the village and later with the city as a distinct entity, and that it should pay its water rates the same as any other consumer. The question, in a sense, is one of bookkeeping. The money comes from the same ultimate source. The city appropriates money to the board of education for school purposes, and out of those funds the board of education pays its bills, for water as for any other commodity. The Legislature may doubtless compel the city to furnish water to the schools without charge, for the purpose is a public purpose, and in a broad sense a city purpose. Without passing on that question, it remains for the court only to make permanent the temporary injunction which restrains defendants from shutting off the water supply from the public schools, without costs to either party.

Prepare decision accordingly.