MAX WALKER and Another, Copartners, Trading as WALKER & FLORIO, Plaintiffs, *v.* JOSEPH A. BRODERICK, Defendant.

Supreme Court, New York County, April, 1931.

*William Jacobs*, for the plaintiffs.

*Carl J. Austrian [Arthur Ofner* and *Harold N. Cohen* of counsel], for the defendant.

VALENTE, J. Plaintiffs as individual suitors bring action against defendant as an individual. Plaintiffs allege in the amended complaint that plaintiffs were stockholders of the Bank of the United States at a time when it was solvent; that while the bank was solvent defendant took office as Superintendent of Banks and thereafter was negligent in two respects:

(1) He wholly failed to perform certain acts with the performance of which he was charged by statute. This negligence by omission is alleged in paragraphs 8, 9, 10 and 14.

(2) He performed certain duties imposed by statute in a negligent way. This affirmative negligence is charged in paragraphs 11, 12, 13 and 15. Paragraph 16 seems to charge both species of negligence. These are the only allegations of defendant's negligence. Plaintiff then alleges that the defendant's negligence caused loss to the plaintiffs in the sum of $50,000 and demands judgment in that sum.

Defendant urges three points in support of his motion: *First.* That as his duties as Superintendent of Banks vest him with discre-

tion he cannot be sued for acts involving the exercise of it. This objection perhaps might be good as to the acts of affirmative negligence. I think it is untenable as to the failure to act. I rule that a practical duty to act is imposed upon the Superintendent of Banks. There is no discretion as to whether he shall act. When he performs an official act he does it within the limits of his discretion. As this point, therefore, will not dispose of the motion in defendant's favor, I pass it without further examination.

*Second.* That the complaint shows on its face that plaintiffs were themselves partly responsible for their loss. This point is not urged on the ground that the plaintiffs neglect to allege freedom from contributory negligence. I cannot say that there is an inescapable inference that plaintiffs were negligent. I overrule this point also.

*Third.* That the defendant owed no duty to the plaintiffs for the violation of which they can seek redress in a suit by them as individuals. I think this point is tenable. It involves both classes of negligence charged. Defendant, by statute, is charged with a duty to all people of the State. It makes no difference whether the duty is to perform a quasi-judicial act or a ministerial act. If the officer owes no duty to the plaintiff as an individual as distinguished from other members of a class plaintiff as an individual cannot sue. This principle runs through all the cases. (*Smith* v. *Lockwood*, 13 Barb. 209; *Butler* v. *Kent*, 19 Johns. 223; *Strong* v. *Campbell*, 11 Barb. 135; *East River Gas Light Co.* v. *Donnelly*, 93 N. Y. 557; *Molloy* v. *City of New Rochelle*, 198 id. 402; *Higgins* v. *Mayor*, 131 id. 128; *People ex rel. Gaffey* v. *Fobes*, 151 App. Div. 245; *Springfield Fire & Marine Ins. Co.* v. *Village of Keeseville*, 148 N. Y. 46; *Hughes* v. *City of Auburn*, 161 id. 96; *Nichitta* v. *City of N. Y.*, 223 App. Div. 428.)

An analogous rule prevents an individual from recovering even against a private defendant when the duty is owed only to a class (*Moch Co.* v. *Rensselaer Water Co.*, 247 N. Y. 160; *Ultramares Corp.* v. *Touche*, 255 id. 170), and to a less extent the same thought permeates *Palsgraf* v. *L. I. R. R. Co.* (248 N. Y. 339). *Robinson* v. *Chamberlain* (34 N. Y. 389) and *Hover* v. *Barkhoff* (44 id. 113) are easily distinguished. Those actions were for failure to repair public highways. The purpose of the duty was to protect the individual using the highway. He, therefore, could recover.

*Litchfield* v. *Bond* (186 N. Y. 66) was an action in trespass without the sphere of State authority. In *Disbrow* v. *Mills* (62 N. Y. 604) the defendant, a surrogate, allowed plaintiff's funds to be misused. There was a specific duty owed to a specific person (plaintiff).

I agree with the contention of plaintiff that the fundamental distinction is not between judicial acts and ministerial acts. But I go further and rule that the basis of the decisions is the distinction between a specific duty of the defendant to an individual and the general duty to all the people or to a class of which plaintiff is one.

It sometimes happens that because of a general duty, defendant also as to certain acts owes a special duty to a plaintiff. In that case plaintiff may sue. The reason why a person in the performance of judicial duties is absolved from liability is that it is very rarely that such a duty involves a special duty to a plaintiff. When that occurs the court quite readily holds the judicial officer. (*Disbrow* v. *Mills, supra,* where the court held a surrogate liable for failing to perform a special duty owing to the plaintiff there.)

The question, therefore, resolves itself into this: Does a Superintendment of Banks owe an individual duty to every stockholder, depositor and customer of a bank? I think not.

The motion to dismiss is granted, with ten dollars costs. Order signed.