JOSEPH A. BRODERICK, as Superintendent of Banks of the State of New York, Plaintiff, *v.* ROBERT ADAMSON and Others, HARRY B. ROSEN, Impleaded with Other Defendants.*

Supreme Court, New York County, February 10, 1933.

* See, also, 146 Misc. 414.

*Carl J. Austrian* [*Arthur Ofner, Harold N. Cohen* and *Warren C. Fielding,* of counsel], for the plaintiff.

*Michael Halperin,* for the defendant Harry B. Rosen.

Dore, J.   The action is by the Superintendent of Banks for an assessment against stockholders of the Bank of United States in liquidation.   Plaintiff moves to strike out the first and third affirmative defenses as insufficient in law.   The first defense alleges in effect that the assessment is premature and that until there has been a liquidation of the assets it cannot be determined whether the stockholders' liability exists, that the assets may be sufficient to pay all claims, and that no deficiency may exist.   By section 7 of article 8 of the Constitution and sections 80 and 120 of the Banking Law stockholders of banking corporations are individually liable equally and ratably to the extent of the amount of their stock therein at the par value thereof for the debts and obligations of the bank.   There is an implied contract voluntarily entered into by the stockholder upon his purchase of the stock of the corporation that he will be liable in the manner and to the extent prescribed by statute.   (*Van Tuyl* v. *Schwab,* 174 App. Div. 665; affd., 220 N. Y. 661.)   Section 80 of the Banking Law clearly authorizes enforcement of the assessment by the Superintendent when he determines that the reasonable value of the assets of the bank is not sufficient to pay its creditors in full and the right to enforce is not conditioned by the statute upon prior reduction of the assets to cash.   That unliquidated assets remain to be liquidated constitutes no defense to this action.   (*Richards* v. *Schwab,* 101 Misc. 128; *Persons* v. *Gardiner,* 26 id. 663; affd., 42 App. Div. 490; *Richards* v. *Scharmann,* 97 Misc. 143.)   If there is any surplus remaining after satisfying all demands, the stockholders will be entitled to its return *pro rata.*   (*Persons* v. *Gardiner, supra,* and cases cited.)   The third defense alleges that the assessment is invalid because the deficiency was caused by the alleged misconduct of officers of the bank which the Superintendent failed and neglected to prevent. But the stockholders made the officers and directors their representatives in the business and operation of the bank.   The creditors

had no voice in the management. It is the stockholders who must assume the consequences of negligent, improvident or unlawful conduct of their agents and representatives. This is a general principle of corporate law with the added obligations in the case of a bank stockholder of the liability imposed by the Banking Law. Nor does the Superintendent owe any private duty to individual stockholders. The provisions of the Banking Law and the voluntary assumption of the status of stockholder with its attendant assessment liability preclude the setting up of this defense. The defense is insufficient. (*Van Tuyl* v. *Robin*, 80 Misc. 360; affd., 160 App. Div. 41; affd., 211 N. Y. 540; *Walker* v. *Broderick*, 141 Misc. 391.) The plaintiff's motion is in all respects granted, with ten dollars costs. Settle order.