Alexander Del Giorno, J.
These four claims are for the permanent appropriation of land by the State of New York. At the opening of the trial, the State moved for a consolidation of the four claims, and upon the consent of claimant, the motion was granted. In open court, a stipulation was entered into between the claimant and the State, by the terms of which the factual conditions prevailing were set forth in the record by both sides, and the matter submitted to the court for decision upon such agreed statement of facts.
Claim No. 41919 involves Map No. 150, Parcel 161. The property taken amounts to 0.608 acre in fee and 0.200 acre as a permanent easement which is known as Parcel 162. The claim was filed with the Department of Public Works on January 2,1957, with the office of the Secretary of State on January 7, 1957 and in the office of the County Clerk of Nassau County on September 23, 1958. The claim was filed on February 23, 1963 in the office of the Clerk of this court and a copy served on the Attorney-General on February 26, 1963. This property was owned and used by claimant for its Water Department.
Claim No. 41920 involves Map No. 153, Parcel 165, a total of 0.017 acre of ground taken in fee. The map was filed with the Department of Public Works on September 23, 1958, in the office of the Secretary of State on October 10, 1958 and in the office of the County Clerk of Nassau County on December 1, 1958. The claim was filed in the office of the Clerk of this court on February 23, 1963 and a copy served on the Attorney-General on February 26, 1963. This property was owned and used as a memorial site and at one time was part of the village hall property. It is located between the intersection of Merrick Road and Lincoln Avenue, both of which are county roads.
Claim No. 41921 involves Map No. 143, Parcel 154. The property taken amounts to 0.586 acre in fee, which was in the bed of a stream. The taking was advertised pursuant to subdivision 19 of section 30 of the Highway Law. The map was filed with the Department of Public Works on January 2, 1957, in the office of the Secretary of State on January 7, 1957 and in the office of the Clerk of the County of Nassau on June 23, 1958. The claim was filed in the office of the Clerk of this court *590 on February 23,1963 and a .copy served on the Attorney-General on February 26, 1963. This property was owned and used by claimant for its Water Department.
Claim No. 41922 involves Map No. 144, Parcel 155, a total of 0.599 more or less acre taken in fee. The map was filed with the Department of Public Works on January 2, 1957, with the office of the Secretary of State on January 7, 1957 and in the office of the Clerk of the County of Nassau on February 23, 1958. The claim was filed in the office of the Clerk of this court on February 23,1963 and a copy thereof served on the Attorney-General on February 26, 1963. This property was owned and used by claimant for general purposes. It was used originally as an area to dump clean fill in connection with road operations, and was used later by village trucks to dump snow during snow clearing operations. The acquisition of the property originally was for the purpose of development into a highway.
All four of these claims involved a project known as Conduit Boulevard, S. H. 1699A — Part 3.
The record indicates that the uses for all of these properties were for waterworks or highways.
The State moves to dismiss the consolidated four claims upon the ground that the uses to which the property was put by claimant at the time of the appropriation and the intention for which the property was purchased by claimant were governmental rather than proprietary, and upon the further ground that section 3 of the General Municipal Law is not applicable.
The court finds that the land held for street purposes and the land used for water supply purposes were held in a governmental rather than a proprietary capacity. (City of Albany v. State of New York, 21 A D 2d 224, affd. 15 N. Y. 2d 1024, citing e.g., People v. Grant, 306 N. Y. 258, Markey v. County of Queens, 154 N. Y. 675, Brush v. Commissioner, 300 U. S. 352, Fire Ins. Co. v. Village of Keeseville, 148 N. Y. 46.)
Section 3 of the General Municipal Law, effective March 8, 1960, changed the common-law rule to allow compensation for a municipality if the land taken is to be used for a substantially different purpose from that for which it was held by the municipality. In all of the takings involved herein, however, the vesting date was prior to the effective date of this section of the General Municipal Law, which cannot be applied retroactively. (City of Albany v. State of New York, supra; City of New Rochelle v. State of New York, 19 A D 2d 674, affd. 14 N Y 2d 559; Central School Dist. No. 1 v. State of New York, 18 A D 2d 943, affd. 13 N Y 2d 1031.)
*591 The court holds, as a matter of law, that the property which, is the subject of these four claims was held by claimant in a governmental capacity, and that the takings are not compensable. The court holds further that section 3 of the General Municipal Law is not applicable to the claims.
The motion made by the State to dismiss the consolidated four claims is granted.
Pursuant to the stipulation heretofore entered into between claimant and State, let judgment be entered accordingly.